HANNA, Administrator, v. THE JEFFERSONVILLE RAILROAD
COMPANY.

<div style="float:right">

32　113
139　554
32　113.
146　633
32　113
152　420

</div>

LIMITATIONS, STATUTE OF.—*Death from Wrongful Act or Omission.*—A suit
to recover, under section 784 of the code, for the death of one, caused by
the wrongful act or omission of another, must be commenced within two
years from such death.

SAME.—*Pleading.*—*Demurrer.*—This limitation, which is descriptive of the
right of action, and to which there is no exception, need not be set up in
answer; the question is properly raised by demurrer to the complaint.

APPEAL from the Marion Civil Circuit Court.

FRAZER, C. J.—This was a suit by the appellant against
the appellee. The only question is, whether the court be-
low erred in sustaining a demurrer to the complaint.

The suit was by an administrator, to recover, under the
statute (2 G. & H. 330, sec. 784), for the injuries resulting
to the intestate, in 1864, whereby his life was lost. He was
a resident of Maryland, and a passenger on the defendant's
railroad, and injured by the carelessness of its servants.
He died in April, 1864; administration of his estate was
granted in Maryland, in August, 1867; and the suit was not
commenced until February, 1868.

It will be seen that the statute already referred to, which
gives the right of action, provides, that "the action must
be commenced within two years." To this limitation upon
the right to bring the suit there are no exceptions made by
the statute, and it is not competent for the courts to make
any. The law must be administered as the legislature has
enacted it.

It is important, then, to inquire when the two years be-
gan to run. The language of the statute does not furnish
an express answer to this inquiry. But it does not appear
possible to suppose that the legislature meant that it should
be from the appointment of the administrator. The dam-
ages accrue to the widow and children or next of kin. They
can procure administration as and when they wish. They

can move promptly, and in many cases they can delay at their pleasure. The statute was intended mainly to be operative against carriers of passengers, and in a very large measure against corporations whose business is exclusively performed by hired servants, who are being constantly changed, and within whose knowledge the facts of such cases would generally rest, or who must be depended on for such information as would lead to a discovery of the facts and the witnesses to establish them. The reasons for requiring the suit to be brought within some short period after the occurrence were, therefore, very forcible, and must have been perceived. While a proper regard for the security of human life required that a right of action should be given, which did not exist by previous law, the considerations already noted required that the remedy should be promptly sought; else a door would be opened wide for injustice and wrong. If, by delay to procure the appointment of an administrator, the suit might be brought four years after the event which made the cause of action completely mature, it might, by the same method, be delayed for any length of time. We do not feel at liberty to adopt such a construction of this statute. We think that it was intended that the suit should be brought within two years from the death of the person—that the right of action is given, not generally, as a right of action exists at common law, but upon the express condition that the suit shall be instituted within the period named, and not afterwards; in brief, that the limitation is descriptive of the right created.

It only remains to ascertain whether the point can be raised in this case by demurrer to the complaint. Ordinarily, statutes of limitations must be pleaded, though the facts appear by the averments of the complaint. The reason for this is, that usually there are exceptions to statutes of limitations, and the plaintiff should, therefore, have the opportunity of replying to the plea, so that he may show that the case is within any of the exceptions. To compel him to make these averments in the complaint, would

tend to inconvenient and needless prolixity. But in the case before us there are no exceptions, and, consequently, there is no reason why the defendant should plead the fact. There could be no reply avoiding the plea. The complaint brings upon the record all the facts concerning the matter that could be of service to either party, and the answer would be but a repetition of them, accomplishing no useful end. We think, therefore, that the question was properly raised by the demurrer, and that it was correctly sustained.

Affirmed, with costs.

*L. Barbour* and *C. P. Jacobs*, for appellant.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellee.