[No. 4596.]

## JACOB BENJAMIN, ADMINISTRATOR OF THE ESTATE OF LIVINGSTON C. BLAIR, DECEASED, v. J. O. ELDRIDGE ET AL.

ACTION FOR CAUSING THE DEATH OF ANOTHER.—An action for causing death by a wrongful act or neglect must be commenced within two years after the death of the person injured.

LIMITATION OF ACTIONS.—If the Statute of Limitations had commenced running as to a cause of action before the Codes took effect, it continued to run, notwithstanding the passage of the Codes, and was not lengthened by them.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

A corporation called the "Maxim Gas Company of California," was formed to manufacture and sell illuminating gas. The gas was produced from gasoline. Livingston C. Blair, while in the employ of the corporation, was killed by an explosion. The plaintiff was appointed administrator of his estate, and commenced this action on the twenty-sixth day of June, 1874, against the stockholders of the corporation to recover damages, alleging that the death of Blair was caused by the wrongful and negligent acts of the corporation. The defendants demurred to the complaint, because the cause of action was barred by the provisions of section 339 of the Code of Civil Procedure. The court sustained the demurrer, and final judgment was rendered for the defendants. The plaintiff appealed.

*R. W. Hent,* for the Appellant.

*J. F. Cowdery,* for the Respondents.

By the COURT:

1. The death of the plaintiff's intestate occurred on the 28th day of December, 1871, while the statute of April 26, 1862, entitled "An Act requiring compensation for causing death by wrongful act, neglect, or default," was in force—which statute required the action to be commenced, if at

all, "within two years after the death of such deceased person." The action here was commenced on the 26th day of June, 1874—some two years and six months after the death.

2. The act of April 26, 1862, was substantially re-enacted (Sec. 5, C. C. P.) by sections 376–77 of the Code of Civil Procedure of January, 1873, which Code was in force when the action was commenced, and the limitation therein prescribed was the same as that which had been prescribed by the act of April 26, 1862. (Code Civil Procedure, Sec. 339, subd. 4.) And the statute having commenced to run under the provisions of the act of 1862, continued to run, notwithstanding the taking effect of the Code of Civil Procedure (Sec. 9, C. C. P.), and the cause of action was barred by the lapse of the period of two years after the death of the plaintiff's intestate. The court below correctly sustained the demurrer to the complaint, and the judgment must be , affirmed.

Judgment affirmed.