*Borst* v. *Corey* was distinguished in *Holland* v. *Grote,* 193 N. Y. 269; *Plet* v. *Willson,* 50 Hun, 62; *Rundle* v. *Allison,* 34 N. Y. 182; *Mills* v. *Mills,* 48 Hun, 100; *Rogers* v. *Murdock,* 45 id. 33; *Salsbury* v. *Morse,* 7 Lans. 368; *Hovey* v. *Elliott,* 118 N. Y. 135; *Hoyt* v. *Tuthill,* 33 Hun, 199; *Matter of Latz,* 33 id. 621; *Neilly* v. *Neilly,* 23 Hun, 624, in all of which cases it was held that they were exclusively equitable actions or that the plaintiff had no remedy at law. In the case at bar the plaintiff had a perfect remedy at law by bringing her action on the debt within the six years after February 3, 1903.

It so clearly appearing that the subject-matter of plaintiff's cause of action is the debt accruing February 3, 1903, that is the thing the court is asked to declare to be a lien; the implied lien being simply due to operation of law and a mere incident to the subject-matter of the action, it must be held that the six-year Statute of Limitations is a bar to plaintiff's recovery.

Judgment directed for defendants dismissing plaintiff's complaint, with costs.

Judgment for defendants, with costs.

---

FRANK C. HOFFMAN AND JOHN ROONEY, as Administrators *de bonis non* of JOSEPH HUDSON, deceased, Plaintiffs, *v.* THE DELAWARE AND HUDSON COMPANY, Defendant.

(Supreme Court, Saratoga Trial Term, May, 1914.)

Actions — when maintainable — for causing death of plaintiff's intestate — Code Civ. Pro., § 405.

Where an administrator's action for causing the death of his intestate was brought within two years, another action for the same cause brought more than three years after said death,

but within one year after a judgment dismissing the complaint in the first action had been affirmed, is maintainable under section 405 of the Code of Civil Procedure.

DEMURRER to the complaint in an action to recover damages for negligence.

Edgar T. Brackett, Leary & Fullerton, for plaintiffs.

Lewis E. Carr, for defendant.

WHITMYER, J.   This action has been brought to recover damages for the benefit of the next of kin of Joseph Hudson, deceased.   The complaint alleges that his death was caused by the negligence of defendant. He died September 27, 1909.   Action was brought within two years thereafter.   The complaint therein was dismissed on the trial at the close of plaintiffs' case, and the judgment entered upon such dismissal was thereafter affirmed by the Court of Appeals.   The present action, for the same cause as the former, was commenced February 6, 1913, within one year after the decision by the Court of Appeals, but more than three years after Hudson's death.   Defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. It is claimed by defendant that the case is governed exclusively by the provisions of section 1902 of the Code of Civil Procedure, which gives the right of action, and that the action cannot be maintained because the time limit therein prescribed is an integral part of such right, so that the case is one where a different limitation is specially prescribed by law and is within the exceptions contained in section 414 of the Code.   Section 1902 provides that " such an action must be commenced within two years after the deced-

ent's death.'' It is claimed by plaintiff that the action
is maintainable under the provisions of section 405 of
the Code. That section provides that if an action be
commenced within the time limited therefor and be
terminated in any other manner than by a voluntary
discontinuance, a dismissal of the complaint for neg-
lect to prosecute the action, or a final judgment on
the merits, the plaintiff may commence a new action
for the same cause, after the expiration of the time
so limited, and within one year after such reversal or
termination. If this section applies, the action is in
time. Sections 405 and 414 of the Code of Civil Pro-
cedure are included in chapter 4 thereof. Section 414,
so far as material, provides that the provisions of said
chapter apply, and constitute the only rules of limita-
tion applicable, to a civil action or special proceeding,
except in (1) a case, where a different limitation is
specially prescribed by law. Read literally, it would
seem that the provisions of this section apply to and
affect those of section 405, along with the other sec-
tions of said chapter, but it is now held that section
414 deals only with those portions of chapter 4 which
relate to and prescribe rules of limitation, and that
section 405 is not one of these, so that the benefits
thereby conferred are in nowise diminished or affected
by section 414. *Titus* v. *Poole,* 145 N. Y. 414–423;
*Hayden* v. *Pierce,* 144 id. 512; *Hamilton* v. *Royal Ins.
Co.,* 156 id. 327; *Conolly* v. *Hymans,* 176 id. 406; *Bel-
linger* v. *German Ins. Co.,* 51 Misc. Rep. 466; affd.,
on opinion at Special Term, 113 App. Div. 917;
affd., 189 N. Y. 533. In *Titus* v. *Poole, supra,* it was
held that section 405 applies to a rejected claim
against the estate of a deceased person, not-
withstanding the short Statute of Limitations pre-
scribed by section 1822. In *Hayden* v. *Pierce, supra,*

the provisions of section 401, declaring that when a cause of action accrues against a person who is without the state the action may be commenced against him within the time limited therefor after his return to the state, were held to apply to a rejected claim against the estate of a deceased person, notwithstanding said short Statute of Limitations. In *Hamilton* v. *Royal Ins. Co., supra,* the policy provided that no action thereon should be maintained unless commenced within twelve months after the fire. It was held that section 399 of the Code, providing that an attempt to commence an action in a court of record shall be deemed equivalent to the commencement thereof, applied and that a delivery of the summons to the sheriff within the time limited was a sufficient compliance. The *Conolly Case, supra,* was an action to foreclose a mechanic's lien. And it was there held, that, if such an action is commenced within one year after the filing of the lien, but is dismissed for lack of evidence, a new action may be commenced under section 405, within one year after the final determination of the first action. In the *Bellinger Case, supra,* it was decided that the benefits conferred by section 405 are not taken away by the provisions of section 414 of the Code of Civil Procedure, since the former section is not one prescribing a rule of limitation. That action was on a policy, which contained the clause that "no suit or action on this policy for the recovery of any claim shall be maintainable in any court of law or equity unless commenced within twelve months next after the fire." Although this clause appeared in the contract of insurance, the limitation was one "specially prescribed by law" and not by contract, for the reason that the period of limitation was fixed by the provisions of the Insurance Law. Defendant relies,

principally, upon the decision in *Hill* v. *Board of Supervisors,* 119 N. Y. 344. That case, however, was distinguished in the *Conolly Case, supra.* Moreover, it contained the clause that "no action shall be maintained under the provisions of this act unless the same be brought within three months after the loss or injury," almost exactly like the clauses in the *Hamilton* and *Bellinger Cases, supra,* subsequently decided. The cases cited are controlling here, so that it is my conclusion that the present action was brought in time.

The demurrer of defendant should be overruled, with costs.

Demurrer overruled, with costs.