FRANK SHARROW, as Administrator of the Estate of JAMES FARRELL, Deceased, Appellant, *v.* INLAND LINES, LIMITED, et al., Respondents.

Pleading — action to recover damages for causing death of plaintiff's intestate — when complaint need not allege that action was commenced within two years after decedent's death.

1. The trend of adjudications in this state is in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure.

2. The provision of section 1902 of the Code of Civil Procedure, that an action to recover damages for death caused by wrongful act must be commenced within two years after the decedent's death, is a limitation upon the remedy and not upon the right; hence the omission of an allegation to that effect in a complaint is not ground for demurrer. (*Colell* v. *D., L. & W. R. R. Co.,* 80 App. Div. 342; *Pernisi* v. *Schmalz Sons, Inc.,* 142 App. Div. 53, overruled; *Hill* v. *Supervisors,* 119 N. Y. 344, and *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316, distinguished.)

*Sharrow* v. *Inland Lines,* 162 App. Div. 929, reversed.

(Argued December 18, 1914; decided February 5, 1915.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 3, 1914, affirming a judgment in favor of defendant entered upon an interlocutory judgment of Special Term sustaining a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving W. Cole* and *Hamilton Ward* for appellant. The sustaining of defendant's demurrer on the ground that the complaint omits to affirmatively allege that the action was brought within two years after the death of decedent was error. (*Wilson* v. *Mayor, etc.,* 15 How. Pr. 500; *Getty* v. *H. R. R. R. Co.,* 8 How. Pr. 177;

*Mitchell* v. *Thorn*, 134 N. Y. 536; *Hirsch* v. *N. E. N. Co.*, 200 N. Y. 263; *Harden* v. *O. E. Co.*, 89 Hun, 584; *L. D. & Co.* v. *Morton*, 73 N. Y. Supp. 40.) The two-year limitation in section 1902 of the Code of Civil Procedure is a Statute of Limitation and not an integral part of the cause of action created by said section. (*Ackerman* v. *Ackerman*, 200 N. Y. 72; *McNair* v. *McNair*, 40 App. Div. 226; *Kaiser* v. *Kaiser*, 16 Hun, 602; *Hayden* v. *Pierce*, 144 N. Y. 512; *Wetyen* v. *Fick*, 178 N. Y. 223; *Connelly* v. *Hyams*, 76 N. Y. 403; *Titus* v. *White*, 145 N. Y. 414; *Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 327; *Rowell* v. *Janvrin*, 151 N. Y. 60; *Shepard* v. *Fulton*, 171 N. Y. 184; *People* v. *Ebelt*, 180 N. Y. 470.)

*John B. Richards* for respondents, The action created by chapter 50 of the Laws of 1847, and continued by section 1902 of the Code of Civil Procedure, was unknown at common law and does not exist independent of the limit of time therein contained. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Hoffman* v. *D. & H. Co.*, 163 App. Div. 50; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145; *Debevoisie* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 377; *McDonald* v. *Mallory*, 77 N. Y. 546; *Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y. 48; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Wooden* v. *W., N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Stuber* v. *McEntee*, 142 N. Y. 200.) Since the commencement of the action within two years after the death of the decedent is a condition precedent to the maintenance of the action, it was necessary for plaintiff to allege and prove that the action was brought within the time therein prescribed. (*Hayden* v. *Pierce*, 144 N. Y. 512; *Connolly* v. *Hyams*, 176 N. Y. 403; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Pernisi* v. *Schmalz' Sons*, 142 App. Div. 53; *Keene* v. *N. W. M. Co.*, 81 App. Div. 48; *Lapsley* v. *P. S. Comm.*, 68 Atl. Rep. 1113; *U. S. Bank* v. *Smith*, 11 Wheat. 172; *Gulledge* v. *Seaboard Air Line R. Co.*, 147 N. C. 234; *Bennett* v. *N. C.*

R. Co., 74 S. E. Rep. 883; *Chandler* v. *Chicago & A. R. Co.*, 158 S. W. Rep. 35.)

Willard Bartlett, Ch. J.    This is an action to recover damages for negligently causing the death of the plaintiff's intestate.    The complaint does not show that the action was commenced within two years after the death of the decedent.    The courts below have held that it is essential to the maintenance of such an action as this that it must appear upon the face of the complaint that it was commenced within two years after the decedent's death; and that the omission of an allegation to that effect is fatal on demurrer.    The only question presented by the appeal is whether this ruling is correct.

The present Constitution of the state of New York, adopted in 1894, contains the following provision: " The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."    (Constitution, art. I, § 18.)

The action thus preserved by the fundamental law is provided for in section 1902 of the Code of Civil Procedure.    The portion material to be considered reads as follows: " The executor or administrator of a decedent, who has left him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.    Such an action must be commenced within two years after the decedent's death."

As is well known, this legislation had its origin in the English statute known as Lord Campbell's Act, enacted by parliament in 1846; and, as has repeatedly been pointed out, it gave rise to an entirely new cause of action

unknown to the common law. Similar statutes now exist in most, if not all, the states of the Union. The original New York statute was passed on the 13th of December, 1847. (L. 1847, ch. 450.) The first section provided that whenever the death of a person should be caused by wrongful act, neglect or default, which would have entitled the party injured (if death had not ensued) to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, should be liable to an action for damages notwithstanding the death of the person injured, and although the death should have been caused under such circumstances as amount in law to a felony.

The second section read as follows: ·

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in proportions provided by law in relation to the distribution of personal property, left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person; *provided that* every such action shall be commenced within two years after the death of such deceased person."

It will be observed that the limitation of time in the act of 1847 was put in the form of a *proviso.*

The law continued substantially as thus enacted until 1880, when the statutory provisions relating to actions for wrongfully or negligently causing death were transferred into the Code of Civil Procedure where they now appear as sections 1901 to 1905 inclusive. This transfer, however, was accompanied by a change of phraseology,

so far as the limitation of time is concerned, which I deem of controlling importance in the question under consideration upon this appeal. The time limitation no longer appeared as a proviso ; the words "provided that" were omitted; and the clause was made to read merely "Such action must be commenced within two years after the decedent's death."

I cannot agree that this constitutes a mere change of language without any change in meaning or effect. The nature of a proviso has long been well understood by legislators as well as lawyers, and I think we should not be justified in holding that the omission of the words "provided that," which were contained in the act of 1847 was unintentional or ineffectual. Assuming, as I do, that so long as the time limitation remained a proviso it related to the right rather than the remedy, I think there were reasons which might well have influenced the legislature to make a change in the law in this respect. The right of action to recover damages for wrongfully causing death which has since been made a constitutional right by the action of the people, was thereafter to be provided for and regulated, not in a separate statute, but in a general statute designed to be a permanent part of our system of jurisprudence. Suits to enforce it had ceased to be special and peculiar. They had become a familiar feature in the business of our courts. No good reason existed why the benefit of the general exceptions given by law to the parties against whom the bar of the Statute of Limitations is invoked should not be given to plaintiffs in this class of cases; and it seems to me that it is not going too far to suppose that this consideration may have led to the alteration in the language of the statute. At all events, the time limitation as to actions of this sort ceased to be a proviso and has become a simple requirement that suit shall be begun within two years. Although its form is in no wise different from that of an ordinary statute of limitations, we are asked to hold that the pro-

vision is so indissolubly bound up with the right as to oblige the plaintiff to plead compliance therewith in order to state a good cause of action.

I cannot think that this is necessary in view of the form which the statute assumed upon its incorporation into the Code. It must be conceded that our courts of intermediate appeal have held that the time prescribed by the statute within which the action must be commenced is of the essence of the right to maintain the suit and not a mere statute of limitations (*Colell* v. *D., L. & W. R. R. Co.*, 80 App. Div. 342; *Pernisi* v. *Schmalz Sons, Inc.*, 142 App. Div. 53); and that decisions to the same effect in regard to like statutes have been made in the Federal courts (*The Harrisburg,* 119 U. S. 199) and in the courts of other states (*Benjamin* v. *Eldridge,* 50 Cal. 612; *Lapsley* v. *Public Service Corporation,* 75 N. J. Law, 266; *Hill* v. *Town of New Haven,* 37 Vt. 501; *Rodman* v. *Railway Co.,* 65 Kans. 645; *Poff* v. *N. E. Tel. & Tel. Co.,* 72 N. H. 164). On the other hand, many of the cases in other jurisdictions which are cited in support of the proposition do not appear to sustain it when subjected to careful examination. Thus, I cannot find that *Murphy* v. *Chicago, Milwaukee & St. Paul R. Co.* (80 Iowa, 26) has any application to the point under consideration. In *George* v. *Chicago, Milwaukee & St. Paul R. Co.* (51 Wis. 603) it was held that a demurrer would lie to a complaint, which showed that the limitation of the statute had run against the cause of action before the suit was commenced. The case, however, throws no light on the question whether the complaint would be bad if it failed to show that the time within which suit must be brought had *not* expired. In *Hanna* v. *Jeffersonville Ry. Co.* (32 Ind. 113) it was merely held that inasmuch as the complaint showed on its face that the action was not brought in time, the objection could be raised by demurrer without requiring the defendant to plead that the statutory period already had

elapsed — as such a plea would constitute only a repetition of facts which already appeared on the record. In *Radezky* v. *Sargent & Co.* (77 Conn. 110), as I read it, the restriction as to time was treated as a limitation upon the remedy rather than upon the right. There it appeared that the statute provided that no action should be brought upon it but within one year after the neglect complained of. The complaint, read in connection with the writ, showed that the suit was not brought within the prescribed period. It was claimed that the common-law rule to the effect that the Statute of Limitations must be pleaded remained in force under the Connecticut Practice Act, and was, therefore, available to the plaintiff. The court held, however, that it was permissible in framing the complaint in an action against which the Statute of Limitations had apparently run for the plaintiff to state his whole case and allege the facts deemed legally sufficient to enable him to maintain his action, notwithstanding that the time limit for its commencement had expired; and when this was done it permitted the defendant to raise the question of law by demurrer to the complaint. The decisions thus simply sanctioned a familiar practice, and so far as it intimates anything as to the character of the limitation suggests that it operates upon the remedy.

But whatever may be the view which has found acceptance in other jurisdictions, the question presented by this appeal is an open one in this court unless we are foreclosed by what was decided in the two cases which afford the strongest support for the position of the respondent, namely, *Hill* v. *Supervisors* (119 N. Y. 344) and *Johnson* v. *Phœnix Bridge Co.* (197 N. Y. 316). The first of these was a statutory action to recover compensation for property destroyed in consequence of a mob or riot. The special law which authorized the maintenance of such a suit provided that "no action shall be maintained under the provisions of this act unless the same shall be brought

within three months after the loss or injury;" and the court held, in an opinion by GRAY, J., that as the action was brought under a special law and was maintainable solely by its authority, the limitation of time was so incorporated with the remedy given as to make·it a condition precedent to the maintainance of the action at all. In other words, the civil remedy given by the special law was deemed to be independent of the Code remedies and, hence, was excepted from the operation of the chapter on limitations contained in the Code. (Code Civ. Proc. § 414.) In the *Phœnix Bridge* case the right to maintain the action was dependent upon the existence in Lower Canada of a statute similar to ours permitting the recovery of damages for wrongfully causing death; and the Canadian statute, the operation of which was invoked, provided for a right of action in behalf of the relatives of the decedent " but only within a year after his death, to recover from the person who committed the offence, or *quasi* offence, or his representatives, all damages occasioned by such death." The use of the positive and exclusive phrase "but only within a year after his death " in the enactment in question warranted the statement in the opinion that the cause of action under the Canadian statute was made dependent upon the suit being commenced within a year after the decedent's death, and that the commencement as therein provided was a condition precedent to its successful maintenance.   The language in section 1902 of the Code is so different as, in my opinion, to justify a different view of it.

It is to be noted that the trend of our adjudications has long been in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure. In *Conolly* v. *Hyams* (176 N. Y. 403) the court was called upon to consider the effect of a provision in the Mechanics' Lien Acts that a lien should not continue for a longer period than one year after the notice of the lien had

been filed, unless within that time an action was commenced to foreclose the lien and notice of the pendency thereof filed with the county clerk.   It was contended that the plaintiff's cause of action, which would otherwise have been lost by reason of the operation of this provision, was saved by section 405 of the Code of Civil Procedure which provides that, if an action be commenced within the time limited therefor and be terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or determination.   If that section applied, it was conceded that the action was brought in time; but it was insisted, on the other hand, that the case was governed exclusively by the provisions of the Mechanics' Lien Law.   The court held against the latter contention and in favor of the application of the beneficial provisions of section 405 of the Code, and in so doing, said, in an opinion written by Judge CULLEN: "The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary." (p. 407.)   In illustration of this tendency he cited *Hayden* v. *Pierce* (144 N. Y. 512); *Titus* v. *Poole* (145 N. Y. 414) and *Hamilton* v. *Royal Ins. Co.* (156 N. Y. 327).   The case of *McKnight* v. *City of New York* (186 N. Y. 35) involved a consideration of the provision in chapter 572 of the Laws of 1886, that no action for negligence may be maintained against a municipality having fifty thousand inhabitants or over "unless the same shall have been commenced within one year after the cause of action shall have accrued." The action was brought in behalf of an infant to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the city, but it was not

commenced within one year after the cause of action accrued. The appellant contended, and the court held, that this requirement was not operative against the plaintiff during his infancy, by reason of the exception in favor of infants contained in section 396 of the Code of Civil Procedure. The effect of the one-year limitation prescribed by the act of 1886 was deemed to be to amend the Code of Civil Procedure by reducing the period of limitation in actions for personal injuries due to negligence from three years to one year, where the defendant was a municipality with a population of fifty thousand persons. "In this change," said the court, "we can find no evidence of a legislative intent to deprive an injured infant in such cases of the benefit of the general exception contained in section 396, which prevents the statute of limitations from running against a claimant while the disability of infancy exists." (p. 38 .

It seems to me that similar considerations to those which influenced the action of the court in the two cases last cited, in addition to the argument based upon the change from the original form of a proviso, should lead us take a similar view of the clause presented for consideration upon this appeal, and that we should hold that it is a limitation upon the remedy and not upon the right. To affirm the judgment under review would be to require that, in every suit brought to recover damages for negligently or wrongfully causing death, the complaint must allege that the action had been brought within two years after the decedent's death. It would plainly be impossible to comply with this requirement unless the summons was served before the complaint was prepared; as otherwise it would be impossible to allege truthfully in the complaint that the action had been commenced. This difficulty was pointed out by Mr. Justice THOMAS in *Pernisi* v. *Schmalz' Sons, Inc.* (142 App. Div. 53). While, of course, it is not conclusive as to the construction which ought to be given to the statute, it

may properly be considered if we assume that a choice is open as between the two views contended for upon this appeal.

For the reasons which have been stated, I advise a reversal of the judgment.

CHASE, J. (dissenting). The plaintiff contends that the two-year period of time provided by the statute in which the action must be commenced is a statute of limitations with all of the conditions and exceptions contained in chapter 4 of title 2 of the Code of Civil Procedure. The defendants contend that the time within which the action must be brought operates as a limitation on the liability itself and cannot be extended in any way by circumstances or by the parties or either of them.

If it was intended by the statute to give two years in which to bring the action therein provided and make such period of time an integral part of the right to maintain the action, its commencement within such time becomes a condition precedent to the maintenance of the action and the plaintiff should affirmatively plead and prove that the action was commenced within such prescribed limit of time. (*Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 377.)

Under the common law there was no right of action for injuries resulting in death arising from a wrongful act. A personal cause of action for injuries ceases to exist with the death of the person injured.

In 1846 the act known as Lord Campbell's Act was passed in England which began by declaring that "No action at common law is now maintainable against a person who by his wrongful act, neglect or default may have caused the death of another person and it is oftentimes right and expedient that the wrongdoer in such case should be answerable in damages for the injuries so caused by him."

The act provided for a recovery of damages against the

**112**    SHARROW *v.* INLAND LINES, LTD.

wrongdoer in favor of persons pecuniarily injured by
reason of a death caused by a wrongful act.  In 1847 an
act was passed in this state (Laws of 1847, chapter 450)
which provided for the recovery of damages by a party
injured against a person or corporation causing the death
of a person by wrongful act, neglect or default.  That
act concludes with the words, " Provided that every such
action shall be commenced within two years after the
death of such deceased person." That act remained in
force with some amendments not now of importance until
it was substantially embodied in the Code of Civil Pro-
cedure in 1880 (sections 1902–1905).  (*Matter of Meekin*
v. *B. H. R. R. Co.*, 164 N. Y. 145.)  When included in
the Code it was to some extent changed in form, and
broken into sentences and the word " provided " at the
beginning of the sentence quoted was omitted.  A mere
change of phraseology in the codification or revision of
statutes will not be construed as a change of the law
unless the intended change appears from the ordinary
meaning of the language used or in some other authorita-
tive manner.  (Lewis' Sutherland Statutory Construc-
tion, section 451; *Davis.* v. *Davis*, 75 N. Y. 221;
*De Grauw* v. *L. I. E. R. Co.*, 43 App. Div. 502, 506;
affd. on opinion below, 163 N. Y. 597.)

There is no reason from which to conclude that the
legislature intended in 1880 to change the provision relat-
ing to the time within which the action shall be com-
menced from one constituting a part of the substance of
the right to maintain the action to a mere limitation on
the remedy.

Very soon after the passage of the act of 1847 the action
of *Whitford* v. *Panama R. R. Co.* was commenced.  It is
reported in this court in 23 N. Y. 465.  In that case, refer-
ring to the act of 1847, the court say (p. 470): " It is not a
simple devolution of a cause of action which the deceased
would have had which the statute affects, but it is an
entirely new cause of action.  *  *  *  The right of

1915.]            Dissenting opinion, per CHASE, J.            [214 N. Y.]

action for damages on account of his bodily injuries, which belonged to the deceased while he lived, was extinguished by his death. The statute does not profess to revive his cause of action in favor of the executor or administrator. The compensation for the bodily injuries remains extinct but a new grievance of a distinct nature, namely, the deprivation suffered by the wife and children, or other relatives of their natural support and protection arises upon his death and is made by the statute the subject of a new cause of action." The statutory provisions became part of the substantive law of the state. (*O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406. See *Isola* v. *Weber*, 147 N. Y. 329.)

Statutes have been passed in all or nearly all of the states of the Union to the same general effect as the present Code provisions in this state mentioned. The statutes creating the right of action in most cases provide in express terms within what time the action shall be commenced. There is substantial although not absolute unanimity in the authorities of this and other states holding that the time provided by the statute in which the action must be commenced is of the essence of the right to maintain the action and not a mere statute of limitations.

It does not seem advisable to extend this opinion as would be necessary to quote the statutes of the different states and from the many decisions involving the question under consideration. With the exception of *Hoffman* v. *D. & H. Co.* (85 Misc. Rep. 535; 163 App. Div. 50), with which I do not concur, the authorities in this state, so far as they have considered the statute now before us, are against the appellant's contention. (*Johnson* v. *Phœnix Bridge Co.*, 133 App. Div. 807; *S. C.*, 197 N. Y. 316; *Hill* v. *Supervisors*, 119 N. Y. 344; *Kiefer* v. *Grand Trunk R. R. Co.*, 12 App. Div. 28; affd. on opinion below, 153 N. Y. 688; *Cavanaugh* v. *Ocean Steam Nav. Co.*, 19 Civ. Pro. Rep. 391; *Colell* v. *D., L. & W. R. R. Co.*, 80 App. Div. 342; *Bonnell* v.

8

*Jewett,* 24 Hun, 524; *Dailey* v. *N. Y., O. & W. R. Co.,* 26 Misc. Rep. 539; *Pernisi* v. *Schmalz Sons, Inc.,* 142 App. Div. 53.   See Tiffany on Death by Wrongful Act [2d ed.], sections 120, 121.)

The following authorities from other states hold in substance that at the end of the time provided by statute the right to maintain the action which is wholly derived from the statute comes to an end.   (*Martin* v. *Pittsburgh Railways Co.,* 227 Penn. St. 18; *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813; *Radezky* v. *Sargent & Co.,* 77 Conn. 110; *Poff* v. *N. E. T. & T. Co.,* 72 N. H. 164; *Staeffler* v. *Menasha Woodenware Co.,* 111 Wis. 483; *Elliott* v. *Brazil Block Coal Co.,* 25 Ind. App. 592; *Rodman* v. *M. Pa. R. Co.,* 65 Kan. 645; *Van Vactor* v. *L. & N. R. R. Co.,* 112 Ky. 445; *Best* v. *Town of Kinston,* 106 N. C. 205; *Foster* v. *Yazoo & M. V. R. Co.,* 72 Miss. 886; *Taylor* v. *Cranberry Iron & Coal Co.,* 94 N. C. 525; *Pittsburgh, C. & St. L. R. Co.* v. *Hine,* 25 Ohio St. 629; *L. & N. R. R. Co.* v. *Simrall,* 31 Ky. Law, 1269; *Earnest* v. *St. L., M. & S. E. R. Co.,* 112 S. W. Rep. 141; *Dowell* v. *Cox,* 108 Va. 460; *Kirton* v. *Atlantic Coast Line R. Co.,* 49 So. Rep. 1024; *Bretthauer* v. *Jacobson,* 79 N. J. Law, 223; *Louisville & N. R. R. Co.* v. *Chamblee,* 171 Ala. 188; *Anthony* v. *St. L., I. M. & S. R. Co.,* 157 S. W. Rep. 394; *Hill* v. *Town of New Haven,* 37 Vt. 501; *Benjamin* v. *Eldridge,* 50 Cal. 612; *Hanna* v. *Jeffersonville R. Co.,* 32 Ind. 113; *Lapsley* v. *Pub. Ser. Co.,* 75 N. J. Law, 266; *George* v. *C., M. & St. P. R. Co.,* 51 Wis. 603; *O'Kief* v. *M. & C. R. R. Co.,* 99 Ala. 524; *Barker* v. *Hannibal, etc., R. R. Co.,* 91 Mo. 86; *Birmingham* v. *Chesapeake, etc., R. Co.,* 98 Va. 548; *Goodwin* v. *Bodcaw Lumber Co.,* 109 La. 1050.)

To the same substantial effect are the following Federal authorities: *The Harrisburgh* (119 U. S. 199); *The Corsair* (145 U. S. 335, 344); *Davis* v. *Mills* (194 U. S. 451); *Swanson* v. *Atlantic, Gulf & Pacific Co.* (156 Fed.

Rep. 977); *Partee* v. *St. L. & S. R. Co.* (204 Fed. Rep. 970); *International Nav. Co.* v. *Lindstrom* (123 Fed. Rep. 475); *Kavanagh* v. *Folsom* (181 Fed. Rep. 401); *Stern* v. *La Compagnie Gen. Trans.* (110 Fed. Rep. 996; *Williams* v. *Quebec S. S. Co.* (126 Fed. Rep. 591). The *Kavanagh* and *Williams* cases construe the statute of this state.

The cases in this state relied upon by the appellant, viz., *Ackerman* v. *Ackerman* (200 N. Y. 72); *Connolly* v. *Hyams* (176 N. Y. 403); *Hayden* v. *Pierce* (144 N. Y. 512); *Titus* v. *Poole* (145 N. Y. 414); *Hamilton* v. *Royal Insurance Co.* (156 N. Y. 327); *Bellinger* v. *German Insurance Co.* (51 Misc. Rep. 466; affd. on opinion of trial judge, 113 App. Div. 917; affd., 189 N. Y. 533) hold that in the particular cases under consideration the limitations of time in the statutes or contracts involved were limitations upon the remedy. They do not, nor does either of them, deny that when a statute fixes a limit of time beyond which the right of action provided thereby shall not extend that the action must be commenced within the time prescribed or it is wholly lost. Thus in the *Ackerman* case the court say: "Undoubtedly a limitation of time may be the essence of and qualify a right of action so that it does not exist independent of the limitation."

The weight of authority, it seems to me, is so overwhelmingly in accord with the conclusion reached in this case by the Special Term and Appellate Division that I am of the opinion that the judgment should be affirmed. If the people desire to change the statute as it has been so many times interpreted it can be readily done by the legislature.

HOGAN, MILLER, CARDOZO and SEABURY, JJ., concur with WILLARD BARTLETT, Ch. J.; COLLIN, J., concurs with CHASE, J.

Judgment reversed, with costs, and demurrer overruled, with leave to defendants to withdraw demurrer and serve answer within twenty days.