AMERICAN STEEL AND WIRE COMPANY, Plaintiff, *v.* SOUTHERN SURETY COMPANY, Defendant.

(Supreme Court, Erie Trial Term, October, 1916.)

Bonds — contractors — indemnity to city on contractor's bond — surety.

Where a municipal charter provides that no action shall be .brought on a contractor's bond given to indemnify the city on a paving contract after one year from the time when the cause of action accrued, and a bond of the contractor giving any subcontractor for labor or material the right to sue on default of his principal provides that no action shall be brought within one year after the cause of action accrues, the surety on such a bond is liable in an action brought thereon after the year.

The limitation clause affects only the remedy not the right of action, and the surety cannot be heard to complain of the terms of the bond.

ACTION upon a surety bond.

Martin Clark, for plaintiff.

Henry W. Killeen, for defendant.

POOLEY, J. Action by materialman upon a surety bond executed by defendant with a principal contractor to indemnify the city of Tonawanda on a paving contract.

It is the customary bond giving the right to any subcontractor for labor or material to sue on default of his principal. The charter of the city of Tonawanda provides for the giving of such bond, and that '' no action shall be commenced upon said bond after one year from the time when the cause of action accrued.'' But the bond in this case provides that '' no such action shall be brought within one year after the cause of action accrues.''

Plaintiff furnished material, the last item being delivered in November, 1914, on a credit of sixty days. This action was commenced in February, 1916, more than one year after the cause of action accrued, and defendant claims that this action cannot be maintained because the plaintiff is not a party to the bond, and must find its right to sue the surety in some statute, in this case in the charter of the city as above quoted.

Bonds of this character are intended for the protection of every one in any way contributing to the work contracted for, even to the unskilled laborer who works with his hands. Rights should not be lost through technicalities if it is possible to avoid such results.

'' The rule of strict construction is liable at times to work a practical injustice and it ought not to be extended beyond the reason for the rule, particularly when the surety is engaged in the business of becoming surety for pay and presumably for profit.'' *St. John's College* v. *Aetna Indemnity Co.*, 201 N. Y. 342, citing *Guaranty Co.* v. *Pressed Brick Co.*, 191 U. S. 425.

The limitation clause affects the remedy and not the right of action. *Sharrow* v. *Inland Lines*, 214 N. Y. 101.

Certainly this is so in a case where the surety writes in a limitation clause different from that of the statute. The Code of Civil Procedure (§ 414)) recognizes

and authorizes such change where " a shorter limitation is prescribed by the written contract of the parties." The surety should not be heard to complain when the complaint conforms to the terms of the bond. By them, he is compelled to wait a year before bringing action, whereas, if the bond had been drawn to conform to the charter, he could have sued at once upon default of his principal.

If we accept the contention of the defendant, the bond was worthless because the limitation clause precluded any action within the limitation provided in the charter.

No one should be permitted to take advantage of his own wrong, and there is little, if any, reason to hold otherwise than that the surety should abide by his contract.

Judgment for plaintiff, with costs.