[Civ. No. 7825.   Second Appellate District, Division One.—January 17, 1934.]

ISABEL S. MEZA et al., Appellants, v. JAMES O. SWORD et al., Respondents.

David Schwartz for Appellants.

O'Melveny, Tuller & Myers, J. R. Girling and Jackson W. Chance for Respondents.

YORK, J.—This is an appeal from a judgment of dismissal entered after sustaining demurrer to plaintiffs' complaint without leave to amend.

This action is brought by the heirs of Federico Meza, deceased, against the stockholders of Higgins Estate, a corporation, in damages for the wrongful death of said deceased. The death occurred on the twenty-sixth day of March, 1929, and the complaint was filed on the twenty-second day of October, 1930.

The defendants James O. Sword, Margaret A. Kearney and Teresa Sword interposed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, and also that said cause of action was barred by the statute of limitations as found in subdivision 3, section 340, Code of Civil Procedure.

The demurrer was sustained without leave to amend.

Respondents in their brief admit that prior to November 4, 1930, upon which date, by vote of the people of the state of California, the constitutional provision creating stockholders' liability in a corporation was expressly repealed, an action could be maintained against stockholders for damages for the wrongful death of a person caused by the corporation, even in the absence of a suit against the corporation itself.

With this admission by respondents, the issues involved in the case before us are narrowed to the following questions:

1. Can an action be maintained against the stockholders of a corporation on a cause of action arising against the corporation on March 26, 1929, filed on October 22, 1930, since the repeal of article XII, section 3, of the California Constitution abolishing stockholders' liability?

2. Is the action for wrongful death against stockholders, as provided for in sections 376 and 377, Code of Civil Procedure, barred by section 340 or by section 359 of the Code of Civil Procedure?

Upon the authority of the case of *Coombes* v. *Getz*, 285 U. S. 434 [52 Sup. Ct. 435, 76 L. Ed. 866], we are constrained to hold that the action herein can be maintained against the stockholders of the Higgins Estate notwithstanding the constitutional amendment abolishing stockholders' liability. The case of *Coombes* v. *Getz, supra,* was an action brought by a creditor to enforce the liability of the directors of a corporation for money embezzled or misappropriated by officers of the corporation. It was there held: "The right of this petitioner to enforce respondent's liability had become fully perfected and vested prior to the repeal of the liability provision. His cause of action was not purely statutory. It did not arise upon the constitutional rule of law, but upon the contractual liability created in pursuance of the rule. Although the latter derived its being from the former, it immediately acquired an independent existence competent to survive the destruction of the provision which gave it birth. The repeal put an end to the rule for the future, but it did not and could not destroy or impair the previously vested right of the creditor (which in every sense was a property right [citing cases]) to enforce his cause of action upon the contract."

As to the time within which such action against stockholders must be brought, appellants maintain that section 359 of the Code of Civil Procedure governs, while respondents are equally positive that section 340 of the same code is controlling.

Section 340, subdivision 3 (contained within title 2 of part 2, Code Civ. Proc.), provides that the period for commencement of an action "for libel, slander, assault, battery, false imprisonment, seduction, or for injury to or for the death of one caused by the wrongful act or neglect of another", etc., is one year.

Chapter IV of the same title 2, is denominated "General Provisions as to Time of Commencing Actions." Within this chapter IV is embraced section 359, which reads as follows: "This title is not applicable to actions against directors, etc. Limitations in such cases prescribed. This

title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created.''

In the case before us the action, instead of being brought against the corporation, was brought against the stockholders directly upon their statutory liability for the tortious act. Contrary to the law in many states, each stockholder in California is liable as principal debtor, and ''the liability commences and a right of action accrues against both the corporation and the stockholders at the same time'', but a ''suspension of the remedy against the corporation does not suspend the remedy against or affect the liability of the stockholders''. (*Hyman* v. *Coleman,* 82 Cal. 650 [23 Pac. 62, 16 Am. St. Rep. 178].)

''In those jurisdictions in which the statutory liability of the stockholders is primary (that is, where the creditor can proceed against the shareholder irrespective of judgment and execution against the corporation), an action to enforce this liability is considered to be on the original indebtedness.'' (7 R. C. L., sec. 402, p. 414.)

''The statute imposing individual liability upon stockholders sometimes expressly provides that an action to enforce the same shall be brought within a certain time, instead of having such actions subject to the general statutes of limitations. 'The California statute provides that actions against stockholders of a corporation to enforce a liability created by law must be brought within three years after the liability is created, and the constitutional liability of stockholders is held to be a liability created by law within the meaning of this provision.' '' (Citing *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139]; *Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75], and other cases. (7 Fletcher on Corporations, p. 7429, sec. 4238.)

If the action had been brought against the corporation for damages for the wrongful death, we have no hesitation in saying that subdivision 3, section 340, Code of Civil Procedure, would govern, and that the action would be barred through lapse of time, but since it was brought against the stockholders directly upon their constitutional liability, we

are of the opinion, in accordance with the law above cited, that section 359, Code of Civil Procedure, controls the rights of the respective parties hereto.

The judgment of dismissal is reversed, and the cause remanded to the trial court for further proceedings in accordance with this decision.

Houser, J., concurred in the judgment.

CONREY, P. J., Dissenting.—I dissent. Without reference to the other questions presented for decision, I think that this action is barred by limitation of time. The right to maintain an action for damages for a death caused by wrongful act is of statutory origin. By act approved April 26, 1862 (Stats. 1862, p. 447), the liability for such damages was created. It contained a proviso "that every such action shall be commenced within two years after the death of such deceased person". In 1872 this legislation was transferred into the new Code of Civil Procedure, section 377, without the proviso, but the same two-year limitation was continued by placing the same in subdivision 4 of section 339 of that code. By amendment in 1873 this became subdivision 3 of the section. In the year 1905, said subdivision 3 was stricken from the section, and at the same time the period of limitation was reduced to one year by placing such actions in the list of actions subject to the one-year limitation, as provided in section 340, Code of Civil Procedure, in subdivision 3 thereof. As thus amended these provisions of law were in force at the time of commencement of the present action.

In *Benjamin* v. *Eldridge*, 50 Cal. 612, an action precisely like the action in the case at bar was commenced against the stockholders of a corporation to recover compensation for the death of one Blair, caused by the wrongful and negligent acts of the corporation. The action was commenced more than two years, but less than three years, after the day of Blair's death. The defendant by demurrer pleaded that the cause of action was barred by the provisions of section 339 of the Code of Civil Procedure, that is to say, by the two-year limitation then in force under the terms of that section. The demurrer was sustained and on appeal from the judgment this ruling was sustained by the Supreme

Court. After reciting the legislative history, the court declared that the cause of action was barred by the lapse of the period of two years after the date of Blair's death.

It cannot reasonably be denied that if section 340, Code of Civil Procedure, is controlling in the present action the plaintiffs' cause of action was barred thereby. But it is contended, because the action is one to enforce a liability created against the stockholders of a corporation, that by reason of the provisions of section 359, Code of Civil Procedure, such period of limitation has been extended to three years. Said section 359 was enacted in the year 1872, and has not been amended. The decision in *Benjamin* v. *Eldridge, supra,* was rendered in the year 1875. While the death of Blair occurred in December, 1871, the action was not commenced until the year 1874. At the time of adoption of section 359, in the year 1872, the then existing two-year period of limitation for that action had not expired. It is clear that if that section had the effect of superseding the provisions of section 339, as applied to an action of this description against the stockholders of a corporation, the Benjamin case would have been commenced within time, and would not have been barred by the statute. In the Benjamin case no reference was made to section 359, and possibly the court did not have it in mind. Nevertheless, I think that the decision was right. It is my opinion that the provisions of the two sections, 340 and 359, Code of Civil Procedure, may be harmonized by treating the provisions of section 340, establishing the one-year limitation in actions to recover damages for death by wrongful act or neglect, as an exception to the more general description of "liability created by law" in section 359, and I think that this conclusion is in accordance with the legislative intention. This conclusion is strengthened by consideration of the fact that the amendment of section 340, providing that an action to recover damages for the death of one caused by the wrongful act or neglect of another must be commenced within one year, is an enactment of later date than that of section 359.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 15, 1934.