Richard D. Simons, J.
Plaintiffs sue for personal injuries to infant plaintiff and damages to the father on his derivative cause of action. The action was commenced more than three years after the accident. Paragraph “Twelfth” of the complaint pleads facts to show an estoppel to avoid defendant’s anticipated defense of the Statute of Limitations to the father’s cause of action.
Defendant moves to strike paragraph “Twelfth” on the grounds that it is prejudicial matter unnecessarily inserted in the complaint. (CPLR 3024, subd. [b].)
A defendant may be estopped from asserting the Statute of Limitations (2 Carmody-Wait 2d, New York Civil Practice, § 13:20). However, the period of limitations is matter to be pleaded as an affirmative defense. (CPLR 3018, subd. [b].) It is not properly a part of the complaint necessary to state a cause of action. (Sharrow v. Inland Lines, 214 N. Y. 101.) Defenses *291 should not be anticipated in a complaint. (4 Carmody-Wait 2d, New York Civil Practice, § 28:20.)
Pleadings are to be liberally construed and defects shall be ignored unless a substantial right of a party is prejudiced. (CPLR 3026; Foley v. D’Agostino, 21 A D 2d 60.) The matter objected to sets forth allegations of misrepresentation by agents of the Allstate Insurance Company, defendant’s insurer. It is not inconceivable that the defendant may wish to avoid having the jury hear this evidence, by waiving the statute with respect to the relatively small derivative claim. The alternative is to prejudice his position in the larger personal injury case by permitting proof of the actions of his representatives to be offered at the trial. If defendant pleads the period of limitations in defense, then plaintiffs may controvert it by the claimed estoppel. The motion is granted.