In the Matter of the Application of the Mayor, Alder-
men and Commonalty of the City of New York,
Relative to Acquiring Lands Required for the Opening
and Extending of Elm Street in the Borough of
Manhattan.

The Comptroller of the City of New York et al.,
Appellants; American Express Company, Respondent.

Limitation of actions — New York city — condemnation pro-
ceedings — non-payment of award immaterial and may not
be shown to rebut presumption of payment arising from lapse
of time — partial and separate report as to awards in condem-
nation proceedings, when confirmed, becomes final judgment
— party receiving award entitled to mandate to enforce it
thirty days after demand upon failure of comptroller to
pay — Statute of Limitations began to run from date of entry
of order of confirmation — failure to make demand for pay-
ment for more than twenty years after entry of order of
confirmation — refusal of city authorities to pay award on
ground that it was conclusively presumed to be paid, proper
— award not merged in warrant so as to prevent running of
statute until presentment of warrant for payment — city
officials without authority to waive provisions of statute.

1. A remedial right arising from the non-performance of a duty
is extinguished when the Statute of Limitations deprives the right
of its judicial remedy. When the statute says that the presumption
of payment arising from lapse of time is conclusive it means that,
when the limitation applies, the fact of non-payment is immaterial
and may not be shown to rebut the conclusive presumption. The
statute is one of repose and the court may not pervert its purpose
in order to avert an unjust result.

2. A first partial and separate report as to awards, in condem-
nation proceedings instituted by the city of New York, when con-
firmed by the Supreme Court, became a final judgment under section
990 of the Consolidation Act (L. 1882, ch. 410) in force when the
lands were taken, and the landowner could enforce it without waiting
an indefinite period for the order confirming the assessment for benefits.

3. Under section 1001 of the charter of the city of New York
(L. 1897, ch.. 378) in force on the date of the entry of the order of

confirmation, the party recovering the judgment became entitled to a mandate to enforce it thirty days after demand therefor upon failure of the comptroller of said city to pay the same. The award was due immediately and the duty of payment absolute. The provision that the comptroller might have thirty days after demand before issuance of the mandate did not prevent the running of the Statute of Limitations. Claimants had a right to make a demand forthwith and the statute began to run from date of entry of the order of confirmation. (Civ. Pr. Act, § 15.).

4. The relation of the claimant and the city was that of vendor and vendee, debtor and creditor. The city owed the amount of the award to claimant. Where, therefore, claimant made no demand for payment for more than twenty years after entry of the order of confirmation, it was proper for the city to refuse to pay the award on the ground that under sections 376 and 378 of the Code of Civil Procedure (Civ. Pr. Act, § 44) the award is conclusively presumed to be paid. The city did not detain the property of the claimant in any representative capacity, nor as a deposit of money to be paid on special demand.

5. An argument that the award is merged in the warrant, which was drawn but never called for nor delivered, and that the statute does not run on the warrant until it is presented, cannot be sustained. The same rule that bars recovery on the award bars recovery on the warrant. Demand might have been made both for the warrant and for payment on the warrant at any time after the award was confirmed. Nor was the warrant in any sense a written acknowledgment of the indebtedness created by the confirmation of the award which starts the statute running anew.

6. The city authorities would have been remiss in their duty had they recognized in this proceeding the natural obligation of the city to pay a just debt. They lacked authority to waive the provisions of the Statute of Limitations. Relief must be sought elsewhere. (*Fisher* v. *Mayor, etc., of New York,* 67 N. Y. 73, distinguished.)

*Matter of City of New York (Elm Street),* 208 App. Div. 844, reversed.

(Argued November 24, 1924; decided December 19, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1924, which modified and affirmed as modified an order of Special Term granting a motion for an order directing the comptroller of the city of New York to pay an award in street opening proceedings.

*George P. Nicholson, Corporation Counsel (Joel J. Squier and William B. R. Faber* of counsel), for appellants. The first partial and separate report as to awards and the order of the Supreme Court confirming the same constitute a final judgment of that court. (L. 1882, ch. 410, § 990; amd. L. 1893, ch. 660; L. 1897, ch. 378, §§ 986, 988; *Fisher* v. *Mayor,* 67 N. Y. 73; *Supervisors of Erie* v. *City of Buffalo,* 63 Hun, 565; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9; *Matter of Arnold,* 60 N. Y. 26; *Dolan* v. *Mayor, etc.,* 62 N. Y. 472; *Pitman* v. *Mayer,* 62 N. Y. 637; 3 Hun, 370; *Matter of Department of Parks,* 73 N. Y. 560; *De Peyster* v. *Mali,* 92 N. Y. 262, 268; *Mayer* v. *Mayor, etc.,* 101 N. Y. 284; *Matter of Commissioners of Central Park,* 50 N. Y. 493; *Mayor, etc., of New York* v. *Erben,* 38 N. Y. 305; *Matter of Opening Belmont Street,* 128 App. Div. 636; *Matter of City of New York* [*E. 149th St.*], 196 App. Div. 866; 232 N. Y. 511.) The report and order confirming the same constituted a judgment in favor of the American Express Company for the amount of the award to the company and the order confirming the report having been entered more than twenty years prior to the institution of this proceeding the award is conclusively presumed to have been paid and satisfied. (*Supervisors* v. *City of Buffalo,* 63 Hun, 565; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9; *Gray* v. *Seeber,* 53 Hun, 611; *Brinkman* v. *Cram,* 175 App. Div. 372; 225 N. Y. 720; *Matter of Hoes,* 183 App. Div. 38; *Fisher* v. *Mayor,* 67 N. Y. 73; *Morey* v. *Farmers' Loan & Trust Co.,* 14 N. Y. 302; *Lawrence* v. *Ball,* 14 N. Y. 477; *Johnson* v. *Albany & Susquehanna R. R. Co.,* 54 N. Y. 416; *Jacobs* v. *DelGenovese,* 179 App. Div. 163; *Matter of Kendrick,* 107 N. Y. 104.)

*William D. McNulty* and *Litchfield F. Moynahan* for respondent. The city, in making its offer to pay the award, in preparing its warrant, in establishing and maintaining a special fund to meet its warrant, and

continuing an entry in its accounts that the warrant is still outstanding, has continually acknowledged its indebtedness and continually offered payment thereof. (*Spaulding* v. *Arnold*, 125 N. Y. 194; *Pierson* v. *Supervisors of Wayne County*, 155 N. Y. 105.) The special law (L. 1897, ch. 641) by which title to all property under this proceeding became vested in the city as of May 1, 1897, and which provided interest from the latter date to the date of payment of the award, is an exception to and modification of the provisions of the Consolidation Act and Greater New York charter respecting the same matters. (*Matter of City of Syracuse*, 224 N. Y. 201.) The Statute of Limitations does not apply to this proceeding. (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *Fisher* v. *Mayor, etc.*, 67 N. Y. 73.) The time when the Statute of Limitations begins to run, if the statute applies, is from May 3, 1921, when a demand was duly made for payment of the award. (*Matter of City of New York*, 91 App. Div. 532; *Dickenson* v. *Mayor, etc.*, 92 N. Y. 584; *Brehm* v. *Mayor, etc.*, 104 N. Y. 186.)

Pound, J. On March 25, 1898, an order was entered in the office of the clerk of the county of New York confirming the " first partial and separate report " of commissioners of estimate and assessment previously appointed in the above-entitled proceeding. This report contained all the awards made for all the lands, tenements and hereditaments acquired in the above-entitled proceeding. It did not contain any assessment for benefit, but the order provided " that the said commissioners present their report as to assessments for benefit in their final separate report." The American Express Company owned a parcel of land at the corner of Broome and Elm streets. The city acquired part of this land in this proceeding. This part was denominated on the maps as Damage Parcel No. 71, and an award was made of $36,226 for this parcel. On or about February 6, 1899,

a voucher of the finance department was prepared in the sum of $40,122.28, which sum represents the amount of the award, together with interest from May 1, 1897, the date of vesting of title herein under a special statute covering these proceedings, to February 9, 1898. On the same day a warrant was drawn for this amount and the American Express Company was notified by the comptroller that the warrant in payment of the award would be ready for delivery on February 9, 1899. The American Express Company did not call for the warrant and it was not delivered to it. It has not been canceled, but is apparently still outstanding. On February 18, 1903, an order was entered confirming the " last partial and separate report " of the commissioners which contained all the assessments for benefit, including an assessment in the sum of $6,537.56 against " Benefit Parcel No. 5946 " which represented that portion of the property of the American Express Company which was not acquired by the city in this proceeding. This assessment was paid by the American Express Company to the city, but it made no demand for the payment of the award to it by the city until May 31, 1921. The city then refused to pay the award on the ground that under the provisions of sections 376 and 378 of the Code of Civil Procedure (now section 44 of the Civil Practice Act) the award is conclusively presumed to be paid.

Civil Practice Act (§ 44) reads as follows:

" § 44. When satisfaction of judgment presumed. . A final judgment or decree for a sum of money or directing the payment of a sum of money, rendered in a court of record within the United States or elsewhere, or (a judgment of a court of this state not of record) docketed (in a county clerk's office upon a transcript filed therein pursuant to law), is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as

against a person, who within twenty years from that time makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged thereby. A person may avail himself of the presumption created by this section under an allegation that the action was not commenced, or that the proceeding was not taken, within the time therein limited."

A remedial right arising from the non-performance of a duty is extinguished when the Statute of Limitations deprives the right of its judicial remedy. When the statute says that the presumption of payment arising from lapse of time is conclusive it means that, when the limitation applies, the fact of non-payment is immaterial and may not be shown to rebut the conclusive presumption. (*Fisher* v. *Mayor, etc., of N. Y.*, 67 N. Y. 73, 80; *Brinkman* v. *Cram*, 175 App. Div. 372; affd., 225 N. Y. 720.) The statute is one of repose. The court may not pervert its purpose in order to avert an unjust result. The " period when one who was spoken to on the subject of an old debt, could not well give a civil answer, without saying enough to take the case out of the statute " is past. (Bronson, J., in *Van Keuren* v. *Parmelee*, 2 N. Y. 523, 526.) All this is elementary but it has been held below that the statute does not apply to prevent the enforcement of the award in this proceeding begun more than twenty years after the entry of the order of confirmation herein. An analysis of the principles upon which the claim of the city rests compels us to reach the opposite conclusion.

1. Was the first partial and separate report as to awards when confirmed by the court a final judgment of the Supreme Court, or was the final judgment in the

15

proceeding the order confirming the assessments for benefit? Consolidation Act, § 990, in terms provides, as in force when the lands were taken, that the report when confirmed shall be final and conclusive. *Matter of Nunez* (226 N. Y. 246) suggests nothing to the contrary. There the awards and the assessments were confirmed at the same time. The city asserted the right to set off an award against a benefit assessment when neither had been paid. The court held that " there is a manifest equity in the cancellation of mutual credits." No set off was demanded in this case. The American Express Company paid the damage assessment in full. The award of damages was binding on the city and became a judgment within the meaning of the Statute of Limitations on March 31, 1898. (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.) The landowner could enforce it without waiting an indefinite period for the order confirming the assessment for benefits.

2. When did the party recovering the judgment first become entitled to a mandate to enforce it? Although the award became a judgment it was to be enforced, not as judgments in common-law actions are enforced, by execution, but under the provisions of law relating thereto. Former section 1001 of the Greater New York charter, in force on the date of the entry of the order of confirmation, provides as follows:

" § 1001. All damages awarded by the commissioners of estimate and assessments with interest thereon from the date of said report, and all costs and expenses which may be taxed, shall be paid by The City of New York to the respective persons and bodies politic or corporate mentioned or referred to in said repurt, or in whose favor such costs or expenses shall be taxed. Interest shall cease to run on sums awarded as damages six months after the date of the confirmation of said report unless within that time demand therefor be made upon the comptroller. Said damages, costs and expenses shall be paid from the

fund for street and park openings provided for in this act, and by existing laws. The person or persons to whom awards shall be made in such proceedings, and the person or persons in whose favor costs and expenses may be taxed, shall not have an action at law against The City of New York for such awards, costs, or expenses, but the court in which said proceedings have been had, upon the application of any such person or persons, in case of the failure of the comptroller of said city to pay the same within thirty days after demand therefor, shall require and direct the comptroller to pay said awards, costs, and expenses from the said fund, and enforce said order or mandate in the same manner as other orders and mandates of said court are enforced.  *  *  *."

But the provision that the comptroller may have thirty days after demand before the court shall issue its mandate does not prevent the running of the statute. At most it extends it for thirty days. The right to payment is a constitutional right, not a legislative creation. The award is due immediately. The duty of payment is absolute. (N. Y. Const. art. 1, § 6; *U. S.* v. *Rogers*, 255 U. S. 163.) The demand for payment is no part or parcel of the taking. The statute is for the benefit of the city, not for the benefit of the claimant. It was not intended to extend indefinitely the right of the claimant to obtain a mandate by withholding a demand for payment. It was intended to cut off the right of the claimant to interest unless demand was made therefor. (*Brehm* v. *Mayor, etc., of N. Y.*, 104 N. Y. 186, 190.) *Fisher* v. *Mayor, etc., of N. Y.* (67 N. Y. 73) is cited in support of the proposition that the claimant had no right to enforce payment of the award until after making a demand on the comptroller but it is not conclusive on the point here presented. The action was brought within the statutory period and the decision rested also on other grounds. " Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed

from the time when the right to make the demand is complete." (Civil Practice Act, § 15; *Reining* v. *City of Buffalo*, 102 N. Y. 308.) Claimant had the right to make a a demand forthwith and the statute began to run on March 31, 1898.

3. What was the nature of the obligation of the city to pay the award?

The relation of the claimant and the city is that of vendor and vendee, debtor and creditor. The city owes the amount of the award to claimant. (*Kahlen* v. *State of N. Y.*, 223 N. Y. 383, 388.) Obviously the city does not detain the property of the claimant in any representative capacity, nor as a deposit of money to be paid on special demand. It is not one of the cases excepted from the provisions of the Civil Practice Act, section 15. The ingenious reasoning of the learned justice who made the Special Term order herein rests on a distinction between the warrant drawn in payment of the award and held by the city and the award itself. The award, it was held, is merged in the warrant, and the statute does not run on the warrant until it is presented. But the same rule that bars recovery on the award bars recovery on the warrant. Demand might have been made both for the warrant and for payment on the warrant at any time after the award was confirmed. (Civil Practice Act, § 15.) The warrant was drawn more than twenty years before this proceeding was instituted. It is in no sense a written acknowledgment of the indebtedness which was created by the confirmation of the award which starts the statute running anew.

The singular anomaly is here presented of the refusal of the city to pay a just debt because it is in a position to defeat claimant's remedy. Ethical considerations may condemn its attitude. The beneficent purpose of the statute as expressed in the act of James I, " for quieting of men's estates and avoiding of suits " is not served. Yet the city authorities would have been remiss in their

duty if they had recognized the natural obligation in this proceeding. They lacked authority to waive the provisions of the statute. Relief must be sought elsewhere. The Statute of Limitations does not pay the debt. It merely deprives claimant of its remedy. That it does effectually exclude claimant from the courts by denying remedial justice is too plain to permit us to allow good conscience to prevail or to permit particular instances to destroy the force of well-established rules of law.

The order should be reversed, with costs in all courts, and the claimant's motion denied, with ten dollars costs.

Hiscock, Ch. J., Cardozo, Crane and Andrews, JJ., concur; McLaughlin, J., not voting; Lehman, J., not sitting.

Orders reversed, etc.