THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD P. DONOVAN, Complainant, *v.* JOSEPH ROUNATI and Others, Defendants.

Supreme Court, Special Term, New York County, July 5, 1939.

*Bernard Cowen,* for the applicant.

*William C. Chanler, Corporation Counsel,* for the City of New York and the treasurer of said city.

Steuer, J. In April, 1921, the above-named defendant was arrested on a criminal charge and bail was fixed in the sum of $1,000. Petitioner supplied the bail. On June 8, 1921, upon the refusal of the grand jury to indict, the charge against the defendant was dismissed. Petitioner now seeks the return of the bail. The only substantial question involved is the Statute of Limitations. Petitioner claims that the statute does not apply because the city treasurer, to whom the money was turned over, is a trustee of an express trust. If this were the case, there being no renunciation of the trust, the statute would not apply. (*Lammer v. Stoddard,* 103 N. Y. 672.) No case has been cited which defines the position of the city official who is the custodian of bail funds in relation to these funds, nor is that relationship fixed by express legislative enactment. His duty is to receive it and later dispose of it according to the happening of certain contingencies. If the bail is forfeited or a fine imposed he may retain it or pay it over to the fiscal officer of the governmental agency entitled to it. He does not receive the money pursuant to court order to keep it for the benefit of the depositor. In somewhat analogous situations public officers were held not to be trustees and the statute to be applicable. (*Matter of Hoople,* 179 N. Y. 308; *Traktman v. City of New York,* 241 id. 221.) The fact that hardship may result has been recognized, but the courts are without power to provide a remedy. (*Matter of City of New York* [*Elm Street*], 239 N. Y. 220, 229.) Motion denied.