In the Matter of NEW YORK UNIVERSITY, Petitioner.
COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Albany County, June 14, 1945.

*Bertram Boardman* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Edward L. Ryan* of counsel), for respondent.

SCHENCK, J. This is an application to review a determination of the Comptroller of the State of New York rejecting petitioner's claim for payment to it of certain moneys held as an unclaimed condemnation award. The facts are not in dispute. In a condemnation proceeding brought by the City of New York an award was made to the petitioner university as damages for the taking of certain parcels of real estate, the total amount of such award being the sum of $2,190.22. The award was confirmed by final decree January 5, 1916. The award was not paid and petitioner did not obtain a mandate to enforce payment prior to the expiration of twenty years from January 5, 1916. On or about May 19, 1944, the City of New York paid to the comptroller the sum of $2,226.72, representing the aggregate sum awarded to the petitioner, with interest. On November 13, 1944, petitioner presented its verified claim to the comptroller. On January 15, 1944, the comptroller denied the claim and refused to make payment and thereafter this proceeding was instituted to review such determination, pursuant to the provisions of the Abandoned Property Law [§ 1406] in effect June 1, 1944. The Abandoned Property Law is a codification of existing statutes, including generally the provisions of section 92 of the State Finance Law (now Abandoned Property Law, §§ 1000. 1001, 1002, 1003), as in effect prior to their repeal by the Abandoned Property Law. It is petitioner's contention that by virtue of the provisions of the Abandoned Property Law these moneys are justly due and owing to it. Respondent contends that no action having been commenced or proceeding taken by the petitioner to enforce the payment of this money either against the City of New York or against respondent within twenty years from the time petitioner was first entitled to a mandate to enforce payment, the sums awarded in condemnation and directed to be paid are conclusively presumed

to have been paid pursuant to the provisions of section 44 of the Civil Practice Act. That section provides, in part: "A final judgment or decree for a sum of money or directing the payment of a sum of money * * * is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against the person * * *." (Then follows language covering the exception not here pertinent.)

Respondent urges that *Matter of City of New York* (*Elm Street*) (239 N. Y. 220) sustains his contention. In that case a condemnation award was made to the American Express Company in the sum of $33,226, which award was confirmed March 25, 1898. The express company made no demand for payment until May 31, 1921, after a lapse of more than twenty-three years. The city refused to pay the award on the grounds that pursuant to section 44 of the Civil Practice Act payment was conclusively presumed. The court held that the award was binding on the city and became a judgment within the meaning of the statute on March 31, 1898, and the statute began to run on that date. POUND, J., writing for a unanimous court, said at page 225: " When the statute says that the presumption of payment arising from the lapse of time is conclusive it means that, when the limitation applies, the fact of non-payment is immaterial and may not be shown to rebut the conclusive presumption." Again, at page 229: " The Statute of Limitations does not pay the debt. It merely deprives claimant of its remedy. That it does effectually exclude claimant from the courts by denying remedial justice is too plain to permit us to allow good conscience to prevail or to permit particular instances to destroy the force of well-established rules of law." Furthermore, the court held that the city lacked authority to waive the provisions of the statute.

Apparently petitioner does not claim a right or remedy against the City of New York to enforce collection, but contends that it now has a right of recovery of these moneys from the comptroller by virtue of the provisions of article X of the Abandoned Property Law, which, in general, provides that moneys held for the payment of an award in condemnation which shall have remained unclaimed by the person appearing to be entitled thereto for five years after confirmation of the award shall be deemed an abandoned award and that the same shall be paid to the Comptroller of the State. The procedural steps to be taken by the city in making such payments are embodied in that article.

Briefly, petitioner urges that as there is no statute of limitations contained in the Abandoned Property Law affecting condemnation awards, the owner of such fund would have the right to make claim thereto at any time within six years after the comptroller had taken control of the moneys turned over to him by the city. Petitioner maintains that unless the act created a remedy and unless the owner is granted a reasonable opportunity to prove his claim, it would be unconstitutional as a denial of due process.

But here the petitioner has been given an opportunity to and has filed a claim under the provisions of the Abandoned Property Law and the comptroller has held that petitioner is not a party to receive the same by virtue of the provisions of section 44 of the Civil Practice Act, it being conclusively presumed after the expiration of twenty years from the entry of the decree in this particular condemnation such payments have been made. A review of the comptroller's determination is now before this court.

It may not be said that the Abandoned Property Law has amended or annulled the presumption of payment which attached to the award prior to the time the funds were turned over to the comptroller. It seems to me that any rights this petitioner had were terminated at the expiration of twenty years from the date of the confirmation of the award and that after the lapse of such period of time petitioner ceased to have a claim against the City of New York. Its claim once extinguished by the limitation statute was not revived by the enactment of the Abandoned Property Law.

The determination of the comptroller should be confirmed and the petition dismissed. Order may be entered accordingly. No costs.