Brewster, J.
The order appealed from confirmed the respondent comptroller’s determination which had denied appellant’s claim to the proceeds of an unpaid condemnation award made in its favor and confirmed by final decree in 1916, and which was paid to the respondent by the debtor, the City of New York, on May 19,1944, as abandoned property pursuant to the provisions of article X of the Abandoned Property Law. (L. 1943, ch. 697.)
The facts as to the award having been made, its final confirma- ■ tion, its validity when made, its continued ownership by the appellant and its nonpayment by the city, are not in dispute. The appellant’s claim has been denied upon the ground that its allowance is precluded by section 44 of the Civil Practice *133 Act, which, as a statute of limitations, has barred claimant from all remedies for the enforcement of the payment of the award by the debtor prior to its aforesaid payment to the respondent as abandoned property. While it is conceded that the award was never in fact paid to the appellant by the city, its present claim thereto -is resisted in reliance upon the conclusive presumption to the contrary prescribed by the statute. (Civ. Prac. Act. § 44.) Prior to the city’s payment to the respondent, the situation between the former and the petitioner-appellant was one of debtor and creditor. The latter was the owner of a debt in judgment which was owing from and docketed against the city, but which was unenforcible by reason of the bar of a statute of limitation, and was legally unpayable by the city by operation of that statute’s enactment of a conclusive presumption or fiction of its payment. The debt itself, however, existed. (Matter of City of New York [Elm Street], 239 N. Y. 220.) In the'latter case the City of New York successfully resisted a claimant-owner’s application for an unpaid condemnation award made more than twenty-three years after it had been confirmed. The denial of the claim was upon the ground that pursuant to section 44 of the Civil Practice Act the award was conclusively presumed to have been paid. The distinction between the statute as one of limitation and its enactment of a conclusive presumption of its payment seems not to have been made, for it is stated that “ A remedial right arising from the non-performance of a duty is extinguished when the Statute of Limitations deprives the right of its judicial remedy. When the statute says that the presumption of payment arising from lapse of time is conclusive it means that, when the limitation applies, the fact of non-payment is immaterial and may not be shown to rebut the conclusive presumption. * * * The statute is one of repose.” And, later: “ The Statute of Limitations does not pay the debt. It merely deprives claimant of its remedy. ” (Matter of City of New York [Elm Street], supra, pp. 225, 229.) The statute as one of' limitation, of course, neither paid nor extinguished the debt. (Hulbert v. Clark, 128 N. Y. 295; House v. Carr, 185 N. Y. 453.) The enactment of the new statute in 1943 radically altered its status and changed the situation. As regards the payment of the award to respondent, the bar of the statute was removed and the fiction of its payment done away with. (Abandoned Property Law, § 1400.) The unpaid award became abandoned property in the form of a liquidated sum of money taken from the city and paid to the State for its *134 benefit subject to the latter’s declared policy to use it for the benefit of all the People of the State while at the same time protecting the interest of the owner thereof, and by section 1404 of said statute the assumption of such liability by the State effectually removed all possible liability on the part of the city. The Abandoned Property Law itself contains no time limitation which bars the claim in suit and there is nothing therein to indicate an intent on the part of the Legislature that in its resistance of the claim the respondent should be permitted to be armed with the limitation and presumption prescribed by section 44 of the Civil Practice Act, the design of which, like any statute of limitations was to bring about a given end to stale claims, and procedural remedies respecting same, as between the original parties or their privies. (34 Am. Jur., Limitation of Actions, §§ 13, 379.) Here as regards the original obligation of the city no privity of estate exists between it and the respondent. To say that it was meant to continue the bar of the statute (Civ. Prac. Act. § 44), against claimant’s enforcement of its interest in the changed status of the subject matter after the bar had been lifted to bring about the change, would not be in consonance with the required liberal construction of the declared policy to protect that interest. Indeed, one of the purposes of the Abandoned Property Law may be said to be to provide generally with respect to certain stale claims and in certain cases, such as the one at hand, to bring about their liquidation and payment to the State under its declared policy, and in so doing to provide for just and constitutional protection as regards the interests of the true owners.
The order appealed from should be reversed, with costs, the determination of the comptroller annulled and petitioner-appellant’s claim allowed with direction for its payment.
Foster and Lawrence, JJ., concur; Hill, P. J., and Heffernan, J., dissent.
Order reversed, on the law, with $50 costs; determination of the comptroller annulled and petitioner-appellant’s claim allowed and payment directed.