WALTER WANGER et al., Plaintiffs, *v.* UNITED STATES TRUST COMPANY OF NEW YORK, as Executor and Trustee Under the Will of TERENCE P. SMITH, Deceased, Defendant.

Supreme Court, Special Term, Kings County, June 20, 1947.

*Michael Stein* for plaintiffs.

*Tilden & Tilden* for defendant.

DALY, J. Motion for judgment on the pleadings.

The complaint herein contains twelve causes of action, each for one installment of interest allegedly due on a sealed bond originally secured by a mortgage executed in 1912. In 1932, by agreement, the maturity date of the principal was extended to 1937. There has been a default in the payment of interest since

1934. This motion has been argued on the assumption that section 47-a of the Civil Practice Act is the applicable Statute of Limitations. On the argument it was conceded that plaintiffs are entitled to judgment on the first seven, defendant on the last four, causes of action. There thus remains for disposition the eighth cause of action and defendant's counterclaim.

The eighth cause of action is for an installment of interest which became due on January 1, 1945. Defendant contends that the principal obligation was barred on September 1, 1944, and that all installments of interest thereafter accruing were likewise barred. (*Kirschner* v. *Cohn,* 270 App. Div. 126; *Ernst* v. *Schaack,* 271 App. Div. 1012; *Jackson Heights Apartment Corp.* v. *Staats,* 272 App. Div. 780.) Plaintiffs claim that the death of one of the owners of the bond on June 25, 1944, extended the time within which to sue on the principal obligation for one year to June 25, 1945 (Civ. Prac. Act, § 20), and that interest continued to accrue until the principal obligation was outlawed. Defendant argues that since plaintiffs had no cause of action for the January 1, 1945, installment of interest on June 25, 1944, section 20 of the Civil Practice Act is not applicable, because by its terms it extends the Statute of Limitations only on actions which exist at the time the claimant dies.

The eighth cause of action is not barred by the Statute of Limitations. Even though the installment of interest due on January 1, 1945, had not accrued on June 25, 1944, the principal sum was then due and not yet barred, and plaintiffs' right to sue therefor was extended to June 25, 1945, by virtue of section 20 of the Civil Practice Act. After June 25, 1945, plaintiffs could no longer sue for the principal, but could still sue for interest which became due during the period beginning six years prior to the commencement of the action and ending at the time the principal became barred, namely, June 25, 1945. (*Ernst* v. *Schaack, supra; Jackson Heights Apartment Corp.* v. *Staats, supra.*) The installment of interest which is the basis of the eighth cause of action became due during that period. It follows that plaintiffs are entitled to judgment on that cause of action.

Defendant has interposed a counterclaim, asking for the cancellation and discharge of record of the mortgage given to secure the bond herein. It appears from paragraph 9 of the counterclaim, that the property underlying the mortgage has been taken by the City of New York in condemnation proceedings, and that plaintiffs have asserted a claim to the award. Defendant is aware of the general rule that the Statute of Limitations is a shield and not a sword, but contends that since plaintiffs

are taking aggressive action, defendant may set up the statute not only as a defense, but also as a counterclaim in order " to avoid the delay of subsequently litigating the validity of the mortgage in the condemnation proceeding " and " thereby gain the relief to which defendant believes it is equitably entitled." The plaintiffs here have not sued for the principal of the bond or the foreclosure of the mortgage, but only for installments of interest, so that, strictly speaking, they are not protagonists so far as the bond and mortgage are concerned.

In *Matter of City of New York (Elm Street)* (239 N. Y. 220, 229) the court said: " The Statute of Limitations does not pay the debt. It merely deprives claimant of its remedy." In *Johnson* v. *Albany & Susquehanna R. R. Co.* (54 N. Y. 416, 424) it was stated that " the statute of limitation acts on the *remedy* merely, not upon the *debt,* and, therefore, does not impair the obligation of the contract." So far as defendant claims to be entitled to equitable relief, a pertinent quotation from the same case appears at page 427: " At all events, it is not too much to say that a party who claims to have paid a debt by a successful plea of the statute of limitations, and seeks an affirmative remedy on the ground of such a fortunate venture, is not to be regarded as the especial favorite of a court of equity."

This court perceives no distinction between an affirmative action commenced by the defendant and a request for affirmative relief by way of counterclaim. For all practical purposes a counterclaim by a defendant is the same as a complaint by a plaintiff. (Civ. Prac. Act, § 266.)

It is settled law that defendant is not entitled to have the mortgage cancelled unless it pays the amount due. In *People* v. *Freeman* (110 App. Div. 605, 608) the court said: " When a party comes into a court of equity for relief from his default in not paying money according to his contract, as a condition for the relief he must pay in money and not by pleading the Statute of Limitations."

It follows that plaintiffs are entitled to judgment dismissing the counterclaim. (*Beach 102d St. Realty Corp.* v. *Ringel,* N. Y. L. J., March 5, 1947, p. 883, col. 1.)

Proceed on notice.