WILLY A. LEBRECHT et al., Individually and as Copartners Doing Business under the Name of HANDI-BLOTT Co., Appellants, v. JOHN R. OREFICE, Respondent.

Supreme Court, Appellate Term, First Department, May 10, 1951.

1026

*Robert L. Boehm* for appellants.

*Lester H. Sisskin* and *Frances Cymberg* for respondent.

SCHREIBER, J. The purpose of the repeal in 1936 of former section 266 of the Civil Practice Act and its replacement with the present section 266 (L. 1936, ch. 324) was to encourage the disposition in one action of all claims between the parties thereto. To hold that the interposition of a counterclaim is not the commencement of an action within the meaning of section 23 of the Civil Practice Act would tend to discourage a defendant from interposing a counterclaim in accordance with the policy of the law since by counterclaiming he might lose rights which he would possess if instead he commenced a separate action against the plaintiff. In the absence of language indicating a legislative intent that section 23 shall be inapplicable to counterclaims, this court is of the opinion that section 23 applies equally to complaints and counterclaims, since for all practical purposes the counterclaim is the same as a complaint (*Wanger* v. *United States Trust Co.*, 190 Misc. 73, 76). The provisions of section 26

of the Civil Practice Act by their terms relate only where the complaint is dismissed or the action discontinued or abated. There is nothing in the provisions of section 26 to indicate that the Legislature intended section 23 to apply only to complaints and not to counterclaims.

The statutory provision that a cause of action for overcharges of rent accruing prior to April 11, 1949, shall be barred unless action is begun within one year thereafter appears to impose a Statute of Limitations as to an existing right rather than to qualify the right by imposing a condition precedent. Section 23 of the Civil Practice Act is therefore applicable (*People ex rel. Calderazzo* v. *Stiner*, 271 App. Div. 841, 842; *People ex rel. Wheeler* v. *Neafsey*, 142 Misc. 692). The case of *Hill* v. *Board of Supervisors, Rensselaer Co.* (119 N. Y. 344) relied upon by defendant, no longer seems to be a controlling authority. " The cases show a disposition not to extend the *Hill* case beyond the facts actually decided by it." (*Hoffman* v. *Delaware & Hudson Co.*, 163 App. Div. 50, 51.) As said by Judge CULLEN, writing for the Court of Appeals in *Conolly* v. *Hymas* (176 N. Y. 403, 407) : " The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary." In *Sharrow* v. *Inland Lines, Ltd.* (214 N. Y. 101) Chief Judge BARTLETT said (p. 108) : " the trend of our adjudications has long been in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure." The case of *Matter of Cheesman* v. *Cheesman* (236 N. Y. 47) is clearly distinguishable for there, as the court pointed out, section 116 of the Workmen's Compensation Law, which provided for certain exceptions to the limitations of time contained in the Workmen's Compensation Law, did not include among the exceptions the situation presented by the case then before the court for decision. The court applied the doctrine of *expressio unius est exclusio alterius* and held that the procedure established by the Workmen's Compensation Law was exclusive and the provisions of the Civil Practice Act did not apply. The case of *Carr* v. *Yokohama Specie Bank* (272 App. Div. 64) merely held that the timely presentation of claims to the Superintendent of Banks was a condition precedent and not a Statute of Limitations. The case is only one of many which hold that it is the purpose of the Banking Law to assure a prompt liquidation of an insolvent bank and that the provisions fixing times within which claims must be presented

are subject to no exceptions. In *Sharrow* v. *Inland Lines Ltd.* (214 N. Y. 101, *supra*) the provision in the statute creating a cause of action for wrongful death that such action had to be commenced within a specified time was held to impose a Statute of Limitations rather than a condition precedent and section 405 of the Code of Civil Procedure, the predecessor of section 23 of the Civil Practice Act, was therefore held applicable. In other words, the statute went to the remedy rather than to the right. In *Schwertfeger* v. *Scandinavian American Line* (186 App. Div. 89) the holding was based upon the fact that the New Jersey statute there being considered had been construed by the highest courts of that State to impose not a period of limitations but a condition precedent. It was on that ground that the court distinguished the *Sharrow* case (*supra*) which had interpreted the New York statute as imposing merely a period of limitations.

For the reasons indicated, the order, insofar as it granted the motion to dismiss the complaint, and the judgment of dismissal entered thereon are reversed and the motion denied, with $10 costs to appellant.

In view of the fact that neither the complaint nor the answer contained any reference to the dismissal of the prior counterclaim in the summary proceeding, the plaintiffs' motion to dismiss the defense as insufficient on its face was properly denied. On such a motion affidavits may not be read.

The judgment and order dismissing the complaint should be reversed, with $10 costs, and motion denied. Order denying plaintiffs' motion to dismiss the defense of the Statute of Limitations should be affirmed.

HAMMER, J. (dissenting.) This action was brought under the Commercial Rent Law (L. 1945, ch. 3, as amd.) on June 1, 1950, to recover for overcharges of rent for the period commencing May 8, 1947, and ending in December, 1948. The complaint was dismissed in the court below on the ground that the action was not commenced within one year of April 11, 1949, as prescribed in section 11 of the Control Law.

The plaintiffs admit that the action was commenced after April 11, 1950, but assert that the claim upon which it is based was originally instituted by way of counterclaim on or about January 8, 1950 (when the claim was more than one year old), in a dispossess proceeding brought by the defendant as landlord against plaintiffs. Upon motion of the landlord in that proceeding, the counterclaim was dismissed by order dated April

19, 1950. In the circumstances it is urged that section 23 of the Civil Practice Act authorizes an additional year, beyond the one year fixed by statute, within which plaintiffs may commence an action after dismissal of the counterclaim in the summary proceeding.

The right to recover alleged excess payments given by chapter 327 of the Laws of 1950, amending chapter 3 of the Laws of 1945, creates a new right, unknown to the common law. Where a special statute confers a right of action unknown to the common law and creates a limitation as to the time of its enforcement, such limitation is deemed to be a part of the statute under which the right arises, so that there is no right of action independent of limitation. It is a part of the cause of action and the bringing of the action within the time prescribed is a condition precedent. (*Hill* v. *Board of Supervisors, Rensselaer Co.,* 119 N. Y. 344; *Matter of Keep,* 241 App. Div. 556, affd. 266 N. Y. 583; *Carr* v. *Yokohama Specie Bank,* 272 App. Div. 64, affd. 297 N. Y. 674.) Where a statute creates a cause of action unknown at common law, a period of limitation set up in the same statute is an integral part of the statute and is regarded as a matter of substance limiting the right as well as the remedy, and the filing of a suit within the prescribed period is a condition precedent to a recovery, and is unaffected by any of the various saving clauses contained in the exceptions of the general Statute of Limitations. The cause of action is extinguished after the running of the period. (*Hamilton* v. *Royal Ins. Co.,* 156 N. Y. 327, 338.)

Nor does section 23 extend the time within which actions may be brought under section 11 of the Emergency Law. Section 23 of the Civil Practice Act is part of article 2 entitled "Limitations of Time." Section 23 must be read in conjunction with section 10 of article 2 which states that the provisions of the article constitutes the only rules of limitation applicable to a civil action or special proceeding except "1. A case where a different limitation is specially prescribed by law". The Control Law (Commercial Rent Law, § 11) specially prescribes that no cause of action "shall   *   *   *   be instituted unless begun within one year after the cause of action accrued" or "within one year" from April 11, 1949, when the cause of action accrued prior to that date. (*Mossip* v. *Clement & Co.,* 256 App. Div. 469, affd. 283 N. Y. 554; *Carr* v. *Yokohama Specie Bank, supra.*)

It would further appear that section 23 cannot be availed of by the plaintiffs here, defendants in the holdover proceeding. It has been held by the Appellate Division in this department

that section 405 of the Code of Civil Procedure (now Civ. Prac. Act, § 23) " applies only to a plaintiff, and it was not intended to give any rights to a person who was not a plaintiff in an action ". (*Matter of Schlesinger,* 36 App. Div. 77, 84.) Special provision has been made for a defense or counterclaim interposed by a defendant in an action. Section 26 of the Civil Practice Act (formerly Code Civ. Pro., § 412) provides that the time which intervenes between the commencement of the action and the dismissal of the complaint or discontinuance of the action is not a part of the time limited for the commencement of an action by the defendant to recover for the same cause of action so interposed as a defense. (*Matter of Schlesinger, supra.*)

The judgment and orders appealed from should be affirmed, within $25 costs.

EDER, J., concurs with SCHREIBER, J.; HAMMER, J., dissents in in opinion. Judgment and order reversed, etc.