[649 NYS2d 672]

Morris Ehrlich, Appellant, v Rebco Insurance Exchange, Ltd., Respondent, et al., Defendant.

First Department, November 14, 1996

**APPEARANCES OF COUNSEL**

*Morris Ehrlich*, appellant *pro se.*

*Robert N. Chan* of counsel (*Robert M. Kaplan* on the brief; *Ferber Greilsheimer Chan & Essner,* attorneys), for Rebco Insurance Exchange, Ltd., respondent.

## OPINION OF THE COURT

Sullivan, J.

This appeal presents the issue of whether the assignment of a claim specifically and expressly for the sole purpose of commencing an action or asserting a counterclaim thereon falls outside Judiciary Law § 489's prohibition against champertous assignments merely because the assignment occurred after the commencement of the action in which the claim is interposed. We hold that such an assignment violates the statute.

In September 1988, plaintiff, an attorney, commenced this action to recover for a breach of a written agreement, pursuant to which plaintiff was retained by defendant Rebco Insurance Exchange, Ltd. as a legal consultant to defendant's business activities for a $4^1/2$-year term at an annual compensation of $80,000. Payment was guaranteed by Continued Care Facilities, Inc. The president of both Rebco and Continued Care was Dr. Carl H. Neuman, who was also Rebco's sole assured and whom plaintiff was assigned to represent in approximately 100 medical malpractice actions. The complaint alleges that Rebco failed to make certain payments to him due in 1987 and 1988 and that as a result of these failures plaintiff terminated the agreement as of July 8, 1988.

Rebco counterclaimed for, *inter alia,* breach of fiduciary duty and unjust enrichment (the third and fourth counterclaims) based on plaintiff's receipt of a referral fee from Lindemann & Lindemann, P. C., a law firm to which plaintiff referred Dr. Neuman for the purpose of bringing a tax certiorari proceeding with respect to property owned by The Sarah R. Neuman Foundation and leased to Dr. Neuman, the Foundation's president. In asserting these claims, Rebco relied on a written agreement dated November 3, 1988, pursuant to which the Foundation assigned to Rebco its claim against plaintiff for all amounts paid to him by Lindemann & Lindemann and Rebco agreed "to use its best efforts to cause [plaintiff] to pay to Rebco the amount of the [c]laim by pursuing legal remedies available to it, including the commencement of a lawsuit against [plaintiff] or by counterclaim."

Plaintiff moved for dismissal of the third and fourth counterclaims, arguing that section 489 of the Judiciary Law prohibits the assignment of claims to a corporation for the

purpose of instituting a legal action. The IAS Court denied the motion, holding that section 489 does not apply where the assigned claim is asserted in an action already commenced.

Judiciary Law § 489, the statutory codification of the ancient doctrine of champerty,* prohibits a corporation from "tak[ing] an assignment of * * * any claim * * * with the intent and for the purpose of bringing an action or proceeding thereon." The statute was enacted "[t]o prevent the resulting strife, discord and harassment which could result from permitting attorneys and corporations to purchase claims for the purpose of bringing actions thereon." (*Fairchild Hiller Corp. v McDonnell Douglas Corp.*, 28 NY2d 325, 329.) "[T]o fall within the statutory prohibition, the assignment must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose." (*Supra,* at 330, citing *Moses v McDivitt*, 88 NY 62, 65.)

Citing *Sygma Photo News v Globe Intl.* (616 F Supp 1153, 1157), Rebco argues that since the Foundation's assignment to it was made after the action was commenced, the assignment could not have been for the purpose of bringing an action. We respectfully disagree with the holding in *Sygma* that "[i]n view of the fact that the assigned claims are asserted in an action 'which [has] been commenced and the mischief the statute seeks to avoid is non-existent,' [*Rosenkrantz v Berlin*, 65 Misc 2d 320, 321, defendant's] champerty objections fail." (616 F Supp, *supra,* at 1157.) The focus of Judiciary Law § 489's prohibition is not on the bringing of an action after the assignment of a claim; it is on the assignment of a claim for the purpose of bringing an action "thereon," i.e., an action on the particular claim assigned. The statute's prohibition is not intended to curtail multiple actions, but, rather, the vice of champerty.

Thus, in *Sygma*, while the assignment occurred after the plaintiff had filed suit asserting other claims, the assertion of additional claims based on the assignment was indeed the very "mischief the statute seeks to avoid." (*Rosenkrantz v Berlin*, 65 Misc 2d, *supra,* at 321.) Similarly, in this case, as Rebco concedes, in asserting that inasmuch as this action was already pending the assignment did not allow it to "bring" an action, "it merely entitled Rebco * * * to assert another

---

* A champertous agreement is " 'one in which a person without interest in another's litigation undertakes to carry on the litigation at his own expense, in whole or in part, in consideration of receiving, in the event of success, a part of the proceeds of the litigation.' " (*United States v Algernon Blair, Inc.*, 795 F2d 404, 409.)

claim," the assignment was made solely for the purpose of permitting the assertion of the claims conveyed by the assignment in a legal action. No other purpose for the assignment is even suggested. While the claims were asserted in counterclaims, for all practical purposes, a counterclaim is the same as a complaint. (*Lebrecht v Orefice*, 199 Misc 1025, 1026.) Thus, this case involves the very mischief the statute seeks to avoid and which is prohibited by Judiciary Law § 489.

Accordingly, the order of the Supreme Court, New York County (Paula J. Omansky, J.), entered July 1, 1996, which denied plaintiff's motion for partial summary judgment dismissing defendant Rebco's third and fourth counterclaims alleging breach of fiduciary duty and unjust enrichment, should be reversed, on the law, with costs and disbursements, and the motion granted.

Murphy, P. J., Rubin, Ross and Williams, JJ., concur.

Order, Supreme Court, New York County, entered on or about July 1, 1996, reversed, on the law, with costs and disbursements, and plaintiff's motion for partial summary judgment dismissing the third and fourth counterclaims of defendant-respondent granted.