(79 Misc. Rep. 157.)

### LANDEKER v. PROPERTY SECURITY CO. et al.

#### (City Court of New York, Trial Term. January, 1913.)

LIMITATION OF ACTIONS (§ 119*)—ACTION TO RECOVER BACK USURY—SERVICE OF PROCESS.

In an action to recover money paid in excess of the legal interest under General Business Law (Consol. Laws 1909, c. 20) § 372, where the summons, though delivered to the sheriff within a year after the cause of action accrued, was not served until after the year, the action must fail for failure to bring the action within the time limited.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 529–535; Dec. Dig. § 119.*]

Action by Adolph H. Landeker against the Property Security Company and Abraham Eisenstein. Judgment for defendants.

Taylor & Fatt, of New York City, for plaintiff.

Jonas, Lazansky & Neuburger, of New York City, for defendants.

GREEN, J. This action is brought by the plaintiff to recover back money paid in excess of the legal rate of interest, under section 372 of the General Business Law. The original loan was adjudicated usurious in an action brought in the Supreme Court, and all security therefor was declared void. The defendants maintain that the claim of plaintiff is barred, not having been brought within one year of the payment of the excess of legal interest, and also that plaintiff cannot recover unless the original debt with legal interest is paid. The plaintiff, however, insists that, while the summons and complaint was not actually served until a few days after the year expired, the fact that the sheriff received the summons and complaint for service a few days before the year expired was a sufficient commencement of the action within the year, under section 399 of the Code of Civil Procedure, and that his conceded offer to pay the amount due, with legal interest, before the trial of the Supreme Court action, acceptance of which was refused, obviated the necessity of repayment of the loan in order to bring this action.

The amount involved in this action is very small; the spleen exhibited by both parties, however, is very large, and the able and elaborate briefs of counsel are worthy of a better cause. The questions involved, however, are exceedingly interesting, and I am indebted to counsel on both sides for their memoranda, the completeness of which has saved the court many hours of labor. The gist of the position assumed by the defendants is that, having lost and being deprived of the sum of $1,000, the balance of the original loan to the plaintiff, by the adjudication of usury in the Supreme Court action, the plaintiff cannot obtain in addition thereto the sum received by the defendant as usurious interest above the legal rate, and that this action was not brought within one year after the cause of action accrued. The summons and complaint in this action was given to the sheriff for service about two days before the expiration of the year after the cause of action accrued, and was actually served upon the defendant about

two days after the year expired; and as to the point of the necessity for the commencement of the action within one year after the payment of the usurious interest I am of the opinion that, this action being a statutory action and not embraced in the Code, delivery of the summons and complaint to the sheriff before the year expired and its service after the expiration of the year by him was not a commencement of the action within a year after the payment of the usurious interest, as provided by section 372 of the Usury Law, now contained in the General Business Law. As was said in Hill v. Board of Supervisors, 119 N. Y. 347, 23 N. E. 921:

"It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all."

And while I am mindful of the fact that an action of the character of the one at bar was maintainable at common law, nevertheless the Legislature has the right to limit the time within which such action might be brought or even to destroy it altogether. Section 399 of the Code of Civil Procedure provides:

"An attempt to commence an action, in a court of record, is equivalent to the commencement thereof, against each defendant, *within the meaning of each provision of this act, which limits the time for commencing the action,* when the summons is delivered, with the intent that it shall be actually served, to the sheriff."

Section 414 provides:

"The provisions of this chapter apply" (including section 399 of the Code, supra, the chapter relating to statutes of limitations) "and constitute the only rules of limitation applicable to a civil action," except "a case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by written contract of the parties."

In the case at bar a special limitation of the time in which the action must be brought is prescribed by the Usury Law, and consequently it follows that this action is not embraced "within the meaning of each provision of this act which limits the time for commencing the action," under section 399 of the Code, supra; so I am of the opinion that the delivery for service of the summons to the sheriff would not be the commencement of the action to save it from the provision of the statute which directs that the action must be commenced within one year when service is actually made after the expiration of one year from the time the cause of action accrued under the Usury Law.

In addition to the failure of the plaintiff to bring this action in time, I am further of the opinion that plaintiff cannot recover the usurious interest upon the ground that the debt, with legal interest, has not been repaid. In the case of Wheelock v. Lee, 64 N. Y. 246, the Court of Appeals held:

"The right to recover the usurious excess does not accrue until after the loan, with legal interest, has been repaid."

And this case has been uniformly followed and cited up to the present time. The plaintiff insists that he offered to pay the amount of the loan, with legal interest, before the Supreme Court action between

these parties declared the whole transaction void, that defendant refused to accept the same, and that consequently such offer and refusal obviates the necessity of actual repayment of the loan.   With that contention I am unable to agree.   The action for the excess of legal interest has been held to be an action in assumpsit for money had and received, and such an action, while an action at law in form, has most of the attributes of an action in equity.   In other words, while the action is brought at law, equitable principles control the determination of the action, and the theory of such an action is that the defendant has money of the plaintiff which he ought not in good conscience to retain.   While I have no sympathy with usurers, the practical result of plaintiff's contention would be, if good in law, that he now retains the fruits of the loan, which he need not repay, and, besides, demands that the defendant pay him money in addition thereto.

I am of the opinion that the Usury Law, now contained in the General Business Law, neither in letter nor spirit contemplates such result, and while the plaintiff throughout this action "craves the law, the penalty and forfeit of his bond," he nevertheless upon the facts in this case is not entitled to recover.

Judgment for defendant.