Elizabeth Ruddy, as Administratrix, etc., of Edward Leo Ruddy, Deceased, Appellant, *v.* Morse Dry Dock and Repair Company, Respondent.

Second Department, December 8, 1922.

Limitation of actions — expiration of period — action for wrongful death suffered on board vessel in navigable waters — complaint dismissed in original action November 25, 1918, on ground that remedy was under Workmen's Compensation Law — State Industrial Commission assumed jurisdiction but subsequently stopped payment on ground of lack of jurisdiction — judgment in original action entered June 10, 1919 — present action commenced June 9, 1920 — stipulation filed with State Industrial Commission was not voluntary discontinuance of action within Code of Civil Procedure, § 405 (now Civil Practice Act, § 23) — present action commenced within period of limitation.

The present action for wrongful death from injuries sustained on board a vessel in navigable waters was commenced within one year after the termination of the original action by a dismissal of the complaint, where it appears that in the original action the complaint was dismissed on November 25, 1918, on the ground that the plaintiff's remedy was under the Workmen's Compensation Law; that thereafter application was made to the State Industrial Commission which assumed jurisdiction and made an award but, following the decisions of the United States Supreme Court holding that the Workmen's Compensation Law had no application to injuries received upon a vessel lying in navigable waters, the Industrial Commission stopped payment of the award; that the judgment dismissing the complaint was entered on motion of the defendant's attorney on June 10, 1919, and the present action was commenced on June 9, 1920, and that a stipulation dated June 6, 1919, signed by the plaintiff's attorney in the original action consenting that the action " be and hereby is discontinued

without costs to either party," was filed with the State Industrial Commission on June 12, 1919.

The stipulation filed with the State Industrial Commission did not constitute a voluntary discontinuance of the first action within the meaning of section 405 of the Code of Civil Procedure (now Civil Practice Act, § 23), and said action was not terminated until the entry of judgment on June 10, 1919.

APPEAL by the plaintiff, Elizabeth Ruddy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 31st day of May, 1922, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order of the Supreme Court, made at the Kings Special Term and entered in said clerk's office on the 3d day of June, 1922, denying plaintiff's motion to restore the case to the calendar for trial.

*James P. Kohler,* for the appellant.

*Charles J. McDermott,* for the respondent.

KELLY, J.:

The plaintiff's husband lost his life on June 5, 1918, while employed as a painter in defendant's drydock, shipyard and repair plant in Brooklyn, on New York harbor. He was working on a staging or scaffold hung over the side of a steamship which was floating in the water, moored to one of defendant's docks. The negligence charged against defendant is that sparks and red hot particles of metal produced by other work of defendant on the vessel were carelessly allowed to drop into the water in the slip and on a raft lying alongside the steamship; that the water in the slip and the raft were covered and saturated with oil, chemicals and highly inflammable rubbish and material which caught fire from the sparks or particles thrown out, causing a fire and the burning of plaintiff's intestate so as to cause his death.

Plaintiff began her first action to recover damages from defendant on June 6, 1918, the day after the accident. This first action was reached for trial on November 25, 1918, and resulted in the dismissal of the complaint upon the ground, as stated in the judgment, that the complaint " does not state facts sufficient to constitute a cause of action." It appears that upon the first trial the learned trial justice was of opinion that the plaintiff must have recourse to the New York State Industrial Commission for allowance made under the Workmen's Compensation Law. It also appears that on May 27, 1919, subsequent to the nonsuit but before the entry of the judgment thereon, the plaintiff made application to the State Industrial Commission, which assumed jurisdiction, made an award to the widow and child of decedent and commenced payments there-

under. But with the decisions of the United States Supreme Court in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) and *Knickerbocker Ice Co.* v. *Stewart* (253 id. 149), holding that the State Workmen's Compensation Law had no application to injuries received upon a vessel lying in navigable waters, the Industrial Commission stopped payment. This left the plaintiff without redress. The judgment dismissing the complaint, with costs against the plaintiff was entered on motion of the defendant's attorney on June 10, 1919.

On June 9, 1920, one day before the expiration of one year after the entry of judgment, plaintiff commenced the action now before the court pursuant to the Code of Civil Procedure, section 405 (now Civil Practice Act, § 23), alleging the proceedings theretofore had in the first action, which first action it is conceded was commenced within two years after decedent's death. (Code Civ. Proc. § 1902, now Decedent Estate Law, § 130, as added by Laws of 1920, chap. 919.) It was provided in the Code of Civil Procedure, section 405 (now Civil Practice Act, § 23): " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect 'to prosecute the action, or a final judgment upon the merits; the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

The amended complaint in this present action contains an allegation that the first action was terminated by judgment filed on or about June 10, 1919, and this allegation is admitted in the answer. The judgment in the first action did not dismiss the complaint upon the merits.

The vicissitudes of this second action have been most remarkable. It was first reached for trial on March 7, 1921. It was a mistrial, plaintiff withdrawing a juror. Subsequently she applied at Special Term for leave to serve an amended complaint, which was granted. Defendant demurred to the complaint upon the ground that it did not state a cause of action and the demurrer was sustained at Special Term, but upon appeal to this court the order was reversed and the demurrer overruled. We said: " We are of opinion that the judgment rendered in the first action was not *res adjudicata*, nor was it a bar to the maintenance by the plaintiff of action No. 2, and we also conclude that plaintiff's amended complaint states a cause of action." (*Ruddy* v. *Morse Dry Dock & Repair Company*, 200 App. Div. 846.) This is the amended complaint before this court upon this appeal. The defendant answered the amended

complaint on January 24, 1922. The case again came on for trial on March 17, 1922. Again there was a mistrial, plaintiff withdrawing a juror. On April 5, 1922, the present action was reached for trial for the third time and again there was a mistrial, the defendant on this occasion withdrawing a juror and the trial court directing that the plaintiff pay costs. This was the third mistrial of the present action and, as has been stated, the trial of the original action resulted in a nonsuit. Upon plaintiff's appeal to this court the imposition of costs upon her was set aside. (*Ruddy* v. *Morse Dry Dock & Repair Co.*, 204 App. Div. ——, decided December 1, 1922.)

This present action came on for trial for the fourth time on May 24, 1922. At the close of plaintiff's case in chief, the learned trial justice denied defendant's motion to dismiss the complaint upon the ground that no cause of action had been proved.

The defendant then moved to dismiss the action upon the ground that it had not been commenced in time under the Code of Civil Procedure, section 405, the learned counsel for defendant stating to the court that he had discovered the day before, in the files of the State Industrial Commission, a stipulation dated June 6, 1919, signed by the plaintiff's attorney in the original action, consenting that the action " be and hereby is discontinued without costs to either party." Defendant's counsel insisted that this stipulation was a voluntary discontinuance of the first action on June 6, 1919, which was more than one year prior to the commencement of the action now before the court, which was begun on June 9, 1920.

Plaintiff's counsel, while denying that he signed the stipulation, conceded that it was signed by a clerk in his office pursuant to some requirement of the Industrial Commission which, in June, 1919, had mistakenly assumed jurisdiction of the plaintiff's claim. Plaintiff's counsel pointed out that the stipulation for discontinuance, although dated June 6, 1919, bore upon its face the stamp of the State Industrial Commission showing that it was not received by that body until June 12, 1919, less than a year before the commencement of the second action, but the learned trial justice held that the stipulation was a voluntary termination of the first action under the Code of Civil Procedure, section 405, and dismissed the complaint upon the ground that plaintiff had not commenced her second action in time.

From this judgment plaintiff appeals to this court. I think the learned trial justice erred in granting defendant's motion. The stipulation filed with the Industrial Board or Commission

42

did not terminate or discontinue the first action. As matter of fact, it was not filed until June 12, 1919, but in any event it was not signed by the attorney for the defendant and no order was ever entered discontinuing the action. That the defendant did not assent to any discontinuance of the action on June 6 or on June 12, 1919, and that it was still pending, is evidenced by the fact that on June 10, 1919, judgment was entered in the office of the county clerk of Kings county, on motion of defendant's attorney, reciting the nonsuit on November 25, 1918, and decreeing that the complaint be dismissed with sixty-nine dollars and seventy cents costs against the plaintiff.

I think the first action was terminated by the judgment entered on defendant's motion on June 10, 1919, as alleged in the amended complaint and admitted in defendant's answer, and that the present action commenced on June 9, 1920, was so commenced within the one year of grace granted to the plaintiff by the Code of Civil Procedure, section 405.

The judgment and order should be reversed upon the law and the facts and a new trial granted, with costs to the appellant.

BLACKMAR, P. J., RICH, MANNING and YOUNG, JJ., concur.

Judgment and order reversed upon the law and the facts, and a new trial granted, with costs to the appellant.