MARGARET HELEN KERR, as Administratrix, etc., of THOMAS NESBIT KERR, Deceased, Plaintiff, *v.* ST. LUKE'S HOSPITAL and THE OXYGEN THERAPY SERVICE, INC., Defendants.*

Supreme Court, Special Term, New York County, December 31, 1940.

*Frank P. Luongo,* for the plaintiff.

*Rogers H. Bacon,* for the defendant St. Luke's Hospital.

*Reginald V. Spell,* for the defendant ʲThe Oxygen Therapy Service, Inc.

WALTER, J. This is a death action brought under section 130 of the Decedent Estate Law, which provides that an action thereunder must be commenced within two years after the decedent's death. The summons was delivered to the sheriff for service within such two years but was not actually served until afterwards. Defendants now move to dismiss upon the theory that section 17 of the Civil Practice Act, which provides that an attempt to commence an action by delivering the summons to the sheriff for service is equivalent to the commencement of such action, has no application to an action brought under section 130 of the Decedent Estate Law because said section 17 gives such effect to such delivery only " within the meaning of each provision of this act [Civ. Prac. Act] which limits the time for commencing an action."

Indisputably, the two-year limitation which governs this action is found in the Decedent Estate Law, the same law which confers the right of action, and not in the Civil Practice Act, but it nevertheless is a limitation upon the remedy and not an essential or integral part of the right itself (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101; and see *Mossip* v. *Clement & Co.*, 256 App. Div. 469 at p. 471; affd., 283 N. Y. 554), and repeated decisions definitely establish that the general provisions of article 2 of the Civil Practice Act, as distinguished from the periods of limitation therein prescribed, apply to special statutes of limitation as well as to those which are contained in the Civil Practice Act. (*Hayden* v. *Pierce*, 144 N. Y. 512; *Titus* v. *Poole*, 145 id. 414; *Hamilton* v. *Royal Insurance Co.*, 156 id. 327, 332; *Conolly* v. *Hyams*, 176 id. 403; *McKnight* v. *City of New York*, 186 id. 35; *Matter of Selwyn Realty Corp.*, 184 App. Div. 355; affd., 224 N. Y. 559.) Of the cases cited two, *Hamilton* v. *Royal Insurance Co.* and *Matter of Selwyn Realty Corp.*, deal specifically with the provision as to attempts to commence an action which is now found in section 17, and in the latter of those cases it was specifically stated to be the settled law of this State that " in all actions or proceedings in a court of record the delivery of process to the sheriff of the proper county within the time limited by statute or by contract with the intention to have the same served is equivalent to the commencement of the action or proceeding within said time." A different construction would indeed " create a snare to the unwary party and practitioner." (*Hamilton* v. *Royal Insurance Co.*, *supra*, at p. 335.)

*Matter of Keep* (241 App. Div. 556; affd., 266 N. Y. 583) and similar cases cited by defendants are plainly distinguishable in that in them the time limitation in the special statute was an integral part of the right conferred by such statute; and *Mossip* v. *Clement & Co.* (*supra*) recognizes that that is not true of the

two-year limitation in section 130 of the Decedent Estate Law. The holding in that case that the action was barred was due, not to any assertion that the general provisions of article 2 of the Civil Practice Act are not applicable to time limitations contained in other statutes, but to the fact that the disabilities of infants there invoked were not disabilities of the person in whom section 130 vests the right of action.

*Landeker* v. *Property Security Co.* (79 Misc. 157) was not affirmed in 156 App. Div. 938, as is mistakenly asserted in defendants' brief. The affirmance in 156 App. Div. 938 was of a judgment in another action in this court, and I regard the decision in 79 Misc. 157 as plainly contrary to *Hamilton* v. *Royal Insurance Co* and *Matter of Selwyn Realty Corp. (supra)*.

The motion to dismiss is accordingly denied.