Ernest E. L. Hammer, J.
The complaint in this action states two causes (1) to recover damages for injuries suffered by plaintiff’s intestate and (2) to recover for his wrongful death. The dismissal of the complaint is- sought on the ground that the Statute of Limitations has run as to both causes. It appears that the injury complained of occurred on August 26, 1944 and that the intestate died on January 30, 1946. Letters of administration issued on July 9, 1948. The action was instituted on July 20,1948. The complaint alleges that plaintiff’s intestate became incompetent as a result of the injuries received. The date when he became incompetent is not set forth nor is there any allega *480 tion of formal adjudication or of the appointment of any committee.
The complaint is so drawn that the first cause may be one in negligence, subject to the three-year statute or one for violation of a statutory duty, subject to the six-year statute. While the statute may have run if the cause lies in negligence proper it is clear that it has not run if the cause is in the second category. In such circumstances the complaint will not be dismissed on motion but defendant may plead the applicable Statute of Limitations and renew the motion at the trial. The second cause is not barred since less than two years have elapsed since the issuance of letters of administration (Crapo v. City of Syracuse, 183 N. Y. 395).
The motion is accordingly denied in all respects.