Renard I. Panzironi et al., Plaintiffs, *v.* " John " Heath, Doing Business as Albany Ladder Company, et al., Defendants.

Supreme Court, Trial Term, Bronx County, March 16, 1950.

*Raymond J. Scully* for plaintiffs.

*Frederick Mellor* and *Clarence E. Mellen* for Lester J. Heath, sued herein as " John " Heath, defendant.

Dickstein, J. The parties have submitted upon this trial of a separately stated issue upon stipulated facts. This is a death action. The facts giving rise to the claim occurred in Pennsylvania. The death occurred on the day of injury. The action was commenced after one year from death but within two years. The deceased and the plaintiffs were at all times concerned residents of this State. The Pennsylvania statute (Act of April 26, 1855, P. L. 309; Purdon's Pa. Stat. Ann., tit. 12, § 1601) creating a cause of action for wrongful death requires that it shall not be brought after one year (§ 1603). The question raised is whether the Pennsylvania statute or the two-year Statute of Limitations of this State controls. Stated otherwise, the question presented is whether the limitation forming a part of the Pennsylvania death statute is a condition and part of the substantive right which is therefore extinguished, or a matter of procedure or remedy only, in which event section 13 of the Civil Practice Act is applicable and the action is maintainable.

The Pennsylvania statute (Purdon's Pa. Stat. Ann., tit. 12, § 1603) provides: " the action shall be brought within one year after the death, and not thereafter ", and the New York statute provides: " Such an action must be commenced within two years after the decedent's death ". (Decedent Estate Law, § 130.) In *Sharrow* v. *Inland Lines, Ltd.* (214 N. Y. 101, 110) it was held that the limitation of the New York statute was not in terms of a proviso and " is a limitation upon the remedy and not upon the right ". The Pennsylvania statute is likewise not stated in terms of a proviso.

In *Schwertfeger* v. *Scandinavian-American Line* (186 App. Div. 89, affd. 226 N. Y. 696) on which defendants rely, the complaint was dismissed. The court there reasserted that the New York Statute of Limitations in respect to death actions was procedural but enforced the New Jersey statute upon the ground it had been held there to be a substantive condition of the right (*Eldridge* v. *Philadelphia & Reading R. R. Co.*, 83 N. J. L. 463).

*Dailey* v. *New York, Ontario & Western R. R. Co.* (26 Misc. 539) on which defendants rely, is not helpful in the light of the decision in *Rosenzweig* v. *Heller* (302 Pa. 279) which is controlling here. The Pennsylvania statute, as already stated, fixed a one-year limitation, while the New Jersey statute there involved fixed a two-year limitation. Quoting from Goodrich on Conflict of Laws (§ 86, p. 171), the court there stated (p. 282): " ' But the statute of the forum shows the local policy as to the time in which such actions are to be brought. It could well be interpreted as limiting locally created rights, and as a procedural bar to all actions of this type, no matter where arising.' ", and quoting from Wharton on Conflict of Laws ([3d ed.], Vol. 2, p. 1264) the court went on to state (p. 282): " ' But, even assuming that the special limitation prescribed at the forum affects the right only, and not the remedy, and is therefore not applicable to foreign causes of action, there may be a general limitation at the forum, which, upon the general principle that limitation is governed by the law of the forum, is applicable to foreign, as well as domestic, causes of action.' "

Again, quoting from section 433 of Tentative Restatement No. 4, Conflict of Laws of The American Law Institute [now Restatement, Conflict of Laws, § 397] it is stated (p. 283): " ' The limit of time in the death statute of the forum may be interpreted as a statute of limitations for actions for death; and in that case the suit must be brought within the time limited in that statute, as well as within the time limited in the statute of the place of injury.' "

Quoting further from *Prettyman* v. *Irwin* (273 Pa. 522, 525) the court there stated (pp. 283–284): " ' True, the cases above referred to were actions of assumpsit and not of tort; but, so far as affects the question now under consideration, the statutes are exactly alike. The Act of March 27, 1713, 1 Smith's Laws 76, provides that, depending on the nature of the action, suit must be brought within six years, two years or one year after the cause of action arose, " and not after "; section 2 of the Act of April 26, 1855, P. L. 309, states that, for injuries resulting in death, " the action shall be brought within one year after the death, and not thereafter "; and section 2 of the Act of June 24, 1895, P. L. 236, that for personal injuries not resulting in death, the action " must be brought within two years from the time when the injury was done and not afterwards." The same reasoning must, therefore, apply to all suits governed by any of these statutes. ' "

The opinion goes on (pp. 284–285) citing *LaBar* v. *New York, Susquehanna & Western R. R. Co.* (218 Pa. 261, 265): " ' It was not so instituted, and it is too late to amend the record so as to make the personal representative of the decedent a party to the record, as required by the New Jersey statute, *after the statute of limitations* had become a bar, because this in legal effect introduced a new cause of action by the substitution of different parties.' "

The opinion continues (p. 285): " It is, however, on the principle laid down, that a statute of limitation of the state of the forum controls the action. We think this the sound rule, supported by the weight of authority, and prefer to follow our own decisions rather than those of other jurisdictions which may have decided otherwise. Statutes of limitation should operate equally upon litigants seeking relief in our courts, upon those invoking remedies here for causes of action originating elsewhere, the same as upon those whose rights arise directly in our Commonwealth."

And again, citing *Knight* v. *West Jersey R. R. Co.* (108 Pa. 250, 253): " ' The statute of another state had no extraterritorial force, but rights under it will always, in comity, be enforced, if not against the policy of the laws of the forum. In such cases the law of the place where the right was acquired or the liability was incurred, will govern as to the right of action, *while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought.*' "

Finally, the court there concluded (pp. 286–287): " The New York Court of Appeals would seem to have reached the conclu-

sion that statutes worded as is our Act of 1855 are statutes of limitation: Sharrow v. Inland Lines, Ltd., 214 N. Y. 101. * * * The very language of the act marks it as a statute of limitation, not as one conditioning the right of action.''

In *Seneca* v. *Yale & Towne Mfg. Co.* (142 Pa. Superior Ct. 470, 476) the opinion states: '' *Rosenzweig, Admrx.* v. *Heller,* 302 Pa. 279, 153 A. 346, definitely decided that, in this state, the period of limitation in connection with the institution of an action for wrongful death is a question of procedure. Our Supreme Court there applied the Pennsylvania period of limitation since the action was instituted here, although the accident occurred in New Jersey where there was a different limitation period, the issue involved being treated as pertaining solely to the remedy. By the same reasoning the limitation period here under discussion must also be held to be a procedural matter.''

That the Pennsylvania limitation is one of procedure rather than of right was made crystal clear in *Smith, Admr.* v. *Pennsylvania R. R.* (304 Pa. 294). There, despite the fact that it was held the Pennsylvania statute was one of policy precluding the institution of death actions after one year, even though the foreign statute may prescribe a longer period, the court permitted the maintenance of a suit which had been brought there after the expiration of one year from death, upon the ground that the conduct of the defendant amounted to waiver of the defense of the Pennsylvania Statute of Limitation and disabled the defendant from urging it. The action was allowed to proceed, having been commenced under the New Jersey statute within two years after death. Were the Pennsylvania statute considered a condition and a part of the substantive right which was wholly extinguished upon the expiration of one year, the court could not reach the conclusion that it was susceptible of waiver.

Since in the circumstances here the provisions of section 13 of the Civil Practice Act are available to plaintiffs, the verdict must be and is directed in favor of plaintiffs. The defense of the Statute of Limitation is held to be not proved and insufficient and the action maintainable. Settle on notice an order in accordance with this opinion, wherein this case is set down for the trial of the remaining issues herein, on the ready day calendar of Trial Term, Part I, for a day certain upon service of a copy of said order on the calendar clerk of Trial Term.