George J. Beldock, J.
In this death action the defendant Feinsinger moves for summary judgment. The facts are as follows: The deceased was struck by a taxicab on October 24, 1947. The vehicle was owned by defendant Crown Service Corporation and driven by defendant Feinsinger. The corporate defendant was served with the summons and complaint, appeared and answered on March 18, 1948. After abortive attempts to personally serve Feinsinger, an order of substituted service was made on April 22, 1948, and proof of service filed on May 7, 1948. Feinsinger did not appear or answer. Subsequently, on April 17, 1950, personal service was effected on *484 Feinsinger. His answer set up the defense of Statute of Limitations, it being claimed that the summons and complaint were served long after the two-year period fixed by the Decedent Estate Law had expired. While the order of substituted service herein has not been set aside or annulled, defendant Feinsinger urges that such service was ineffective as at that time he was not a resident of the State of New York. He asserts in his moving papers that in January, 1948, he left New York State to become a resident of California where he resided continuously until October, 1949, when he returned to New York. When the cause of action accrued in October, 1947, Feinsinger was a resident of this State. Under the provisions of section 19 of the Civil Practice Act, 1 ‘ If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of four months or more, * * * the time of his absence * * * is not a part of the time limited for the commencement of the action.” It has been held that the test of whether the statute has tolled is predicated solely upon continuous absence from the State and not continuous residence. (Turner v. American Metal Co., 268 App. Div. 239; Banister v. Solomon, 126 F. 2d 740; see, also, National Sur. Co. v. Ruffin, 242 N. Y. 413.) Since the Statute of Limitations was tolled between January, 1948, and October, 1949, the personal service upon Feinsinger in May, 1950, was timely. Accordingly, the question of the effectiveness of the substituted service need not be considered. Motion for summary judgment denied. Submit order.