RUTH LIPTON, Individually and as Executrix of CONRAD LIPTON, Deceased, et al., Plaintiffs, *v.* LOCKHEED AIRCRAFT CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 22, 1953.

*Cravath, Swaine & Moore* for Curtiss-Wright Corporation, defendant.

*William A. Hyman* for plaintiffs.

HOFSTADTER, J.  Motion for summary judgment dismissing the complaint is denied.  The plaintiffs are residents of this State who sued to recover damages for wrongful death of their decedent, who was killed in an airplane crash in Egypt.  The plaintiffs charge the defendants with negligence in the manufacture of the airplane.  The complaint pleads the law of Egypt, its substance and legal effect.  Therefore the action is founded upon Egyptian law and the substantive rights of the parties are governed by the law of Egypt, the place of the wrong.

The death of the plaintiffs' decedent occurred on August 31, 1950.  The action was commenced on December 23, 1952.  Defendant Curtiss-Wright Corporation contends that the action is barred by the two-year limitation of section 130 of the Decedent Estate Law.  This contention has already been rejected by Mr. Justice BENVENGA on a motion made in the action by the other defendant (*Lipton* v. *Lockheed Aircraft Corp.*, 204 Misc. 692).  The court there held that section 130 of the Decedent Estate Law applies only to deaths resulting from wrongs committed within the State.

The two-year limitation in section 130 of the Decedent Estate Law cannot be removed from its context and applied as a bar to actions brought under the statute of another State or foreign country (*Janes* v. *Sackman Bros.*, 177 F. 2d 928). The limitation in section 130 is a specific Statute of Limitations applying only to actions brought pursuant to that section for deaths resulting from wrongs committed within the State of New York.

I find no merit in the defendant's argument that unless section 130 is applied to this action there will be discrimination in favor of actions based on deaths occurring in another jurisdiction over actions for deaths occurring in this jurisdiction. Section 13 of the Civil Practice Act was designed to give a resident of this State the benefit of this State's limitations statute if more favorable than the statute prevailing in the jurisdiction where the cause arose, while restricting a nonresident to the shorter limitation. It was not designed " to drive residents of this State into other States for the purpose of preserving and enforcing their claims as against a Statute of Limitations." (*National Surety Co.* v. *Ruffin*, 242 N. Y. 413, 418.)

In this case it does not appear, and the defendant makes no claim that the action was barred in Egypt, where the cause of action arose. The limitation of section 130 of the Decedent Estate Law should not be applied to a case clearly outside its provisions. It should not be extended by construction to apply to deaths resulting from wrongs committed in a foreign jurisdiction.