ANNE McDONOUGH, as Administratrix of the Estate of ROBERT M. McDONOUGH, Deceased, Respondent, *v.* ANTHONY J. CESTARE, as Administrator of the Estate of GENEVIEVE SHINN, Deceased, Appellant.

Second Department, February 11, 1957.

*John J. Macchia* for appellant.

*Leo F. McGinity* for respondent.

NOLAN, P. J. In this action to recover damages for wrongful death, the amended answer sets up, as a defense, the two-year Statute of Limitations contained in section 130 of the Decedent Estate Law. Respondent's intestate died in August, 1953. Genevieve Shinn, appellant's intestate, died in October, 1953.

The action was commenced on May 2, 1956. Respondent invokes the provisions of section 21 of the Civil Practice Act against appellant's claim that the action is barred. That section insofar as pertinent reads as follows: " The term of eighteen months after the death within this state of a person against whom a cause of action exists * * * is not a part of the time limited for the commencement of an action against his executor or administrator." The sole question to be determined on this appeal is whether the provisions of section 21 may be applied in an action brought pursuant to section 130 of the Decedent Estate Law, which provides that " Such an action must be commenced within two years after the decedent's death."

It is appellant's contention that section 21 has no application to such an action. He invokes the familiar rule that when the Legislature creates a new right of action, otherwise unknown to the law, and in the statute of creation imposes a time limitation, that limitation is part of the grant of power, and the bringing of the action is subject to that limitation and no other. (Cf. *Cimo* v. *State of New York,* 306 N. Y. 143, 150, and cases there cited.) Appellant also argues that the application of section 21 is precluded by section 10 of the Civil Practice Act which provides that the provisions of article 2 of the Civil Practice Act constitute the only rules of limitation applicable to a civil action except in a case where a different limitation is specially prescribed by law.

It appears to us that these arguments overlook the fundamental difference between limitations upon a remedy and limitations which form an essential or integral part of the right itself. (Cf. *Sharrow* v. *Inland Lines,* 214 N. Y. 101; *Kerr* v. *St. Luke's Hosp.,* 176 Misc. 610, affd. 262 App. Div. 822, affd. 287 N. Y. 673.) They also fail to take into account the distinction between the periods of limitation prescribed by article 2 of the Civil Practice Act and the beneficial provisions of that article which prescribe disabilities and circumstances under which in given cases the Statute of Limitations is suspended. (Cf. *Conolly* v. *Hyams,* 176 N. Y. 403; *Hoffman* v. *Delaware & Hudson Co.,* 163 App. Div. 50; *Kerr* v. *St. Luke's Hosp., supra.*)

We agree that the statute, by which the cause of action for damages from injuries resulting in death was created in 1847, imposed a time limitation which was an integral part of the right to sue. That statute (L. 1847, ch. 450) authorized such an action, " *provided* that every such action shall be commenced within two years after the death of such deceased person." (Emphasis supplied.) It is significant that the limitation of time in the act of 1847 was put in the form of a proviso. The

law continued substantially as enacted until 1880, when the statutory provisions relating to actions for wrongfully or negligently causing death were transferred to the Code of Civil Procedure. This transfer, however, was accompanied by a change in phraseology, so far as the limitation of time was concerned. The time limitation no longer appeared as a proviso; the words " provided that " were omitted, and the clause was made to read merely " Such an action must be commenced within two years after the decedent's death." (*Sharrow* v. *Inland Lines, supra,* pp. 104–105.)

The present statute (Decedent Estate Law, § 130) was taken from section 1902 of the Code of Civil Procedure without change. The effect of the change in phraseology of the statute in 1880 was considered by the Court of Appeals in the *Sharrow* case (*supra,* p. 105) in which Chief Judge WILLARD BARTLETT, writing for the majority of that court said: " I cannot agree that this constitutes a mere change of language without any change in meaning or effect. The nature of a proviso has long been well understood by legislators as well as lawyers, and I think we should not be justified in holding that the omission of the words ' provided that,' which were contained in the act of 1847 was unintentional or ineffectual. Assuming, as I do, that so long as the time limitation remained a proviso it related to the right rather than the remedy, I think there were reasons which might well have influenced the legislature to make a change in the law in this respect. The right of action to recover damages for wrongfully causing death which has since been made a constitutional right by the action of the people, was thereafter to be provided for and regulated, not in a separate statute, but in a general statute designed to be a permanent part of our system of jurisprudence. Suits to enforce it had ceased to be special and peculiar. They had become a familiar feature in the business of our courts. No good reason existed why the benefit of the general exceptions given by law to the parties against whom the bar of the Statute of Limitations is invoked should not be given to plaintiffs in this class of cases; and it seems to me that it is not going too far to suppose that this consideration may have led to the alteration in the language of the statute." We find nothing in the later decisions of the Court of Appeals which indicates any deviation from the conclusion stated in the *Sharrow* case (*supra*). It may be noted also that the right of action does not depend entirely on the provisions of section 130 of the Decedent Estate Law. As Chief Judge BARTLETT stated, it is now preserved by our Constitution (N. Y. Const., art. I, § 16), and it has been further provided by section 118 of the

Decedent Estate Law that the cause of action shall not be lost because of the death of the person liable and that the action may be brought against his executor or administrator. This is such an action, brought against appellant as the administrator of the person alleged to be liable for damages for wrongfully causing the death of respondent's intestate, and appears to present the precise situation contemplated by section 118 of the Decedent Estate Law and section 21 of the Civil Practice Act. As was said in *Butler* v. *Price* (271 App. Div. 359, 362): " The Legislature seems to have recognized that there is inevitably a period of time following the death of a person when it would be difficult, if not impossible, to commence an action against his estate. In order, therefore, to prevent any hardship or loss of rights to a plaintiff under such circumstances, the Legislature by its enactment of section 21 suspended the running of the statute for a period of eighteen months after the death of the person against whom a cause of action exists." We see no reason why the provisions of section 21 may not be applied as against the time limitation provided in section 130 of the Decedent Estate Law, which operates on the remedy but not on the right to sue.

Further support for our conclusion is furnished by the decisions of this and other courts involving the application of other provisions of article 2 of the Civil Practice Act in similar actions.

*Philips* v. *Apuzzo* (241 App. Div. 762, affd. 266 N. Y. 579) was an action to recover damages for the wrongful death of an intestate who died in September, 1930. The action was not commenced until February, 1933. There, as here, the answer set up the defense that the action had not been commenced within two years after the death of the decedent. The plaintiff in that case, however, invoked the provisions of section 19 of the Civil Practice Act, because of the fact that the defendant had absented himself from the State from November 28, 1931 until January 28, 1933. This court affirmed a judgment in favor of the plaintiff, rejecting a contention, similar to that made here, that section 19 had no application for the reason that the cause of action involved had been created by legislative enactment and the time for commencing the action was governed solely by the statute of its creation. The Court of Appeals affirmed. We see no valid distinction between the issue decided in the *Philips* case (*supra*) and that presented here. (See, also, *Hoffman* v. *Delaware & Hudson Co.*, 163 App. Div. 50, *supra*; *Boffe* v. *Consolidated Tel. & Elec. Subway Co.*, 171 App. Div. 392, 394–395; *Kerr* v. *St. Luke's Hosp.*, 176 Misc. 610, *supra*; *Neuman* v. *Feinsinger*, 4 Misc 2d 483.) Neither *Mossip* v. *Clement & Co.* (256

App. Div. 469, affd. 283 N. Y. 554) nor *Cimo* v. *State of New York* (306 N. Y. 143, *supra*) upon which appellant places considerable reliance, requires a contrary conclusion.

In the *Mossip* case (*supra*), the action was brought for the sole benefit of two children of the decedent, and it was asserted that the Statute of Limitations had been extended by the disability of infancy under section 60 of the Civil Practice Act. That contention was rejected. However, as Mr. Justice WALTER pointed out in *Kerr* v. *St. Luke's Hosp.* (176 Misc. 610, 612, *supra*) the holding in the *Mossip* case (*supra*) that the action was barred was due " not to any assertion that the general provisions of article 2 of the Civil Practice Act are not applicable to time limitations contained in other statutes, but to the fact that the disabilities of infants there invoked were not disabilities of the person in whom section 130 vests the right of action."

The *Cimo* case (306 N. Y. 143, 150, *supra*) involved a statute which contained a time limitation stated by way of a proviso, as did our original statute (L. 1847, ch. 450) providing for the action to recover damages for injuries resulting in death. It is true that in Judge DESMOND's opinion there appears the following statement: " A persuasive analogy is to actions under section 130 of the Decedent Estate Law for wrongfully causing death; since that statute requires suit within two years ' after the decedent's death ', a more liberal general limitation such as that of section 11 of the Civil Practice Act may not be availed of (*Jones* v. *416 Pleasant Ave. Holding Corp.*, 304 N. Y. 893)." That statement is in no way inconsistent with our present determination. We are all agreed that the provisions of section 11, which provide that the periods of limitation prescribed by article 2 of the Civil Practice Act must be computed from the time of the accruing of the right to relief by action, may not be applied in an action under section 130 of the Decedent Estate Law. A right to relief by action for wrongful death accrues on the appointment of an executor or administrator of the decedent's estate. (*Crapo* v. *City of Syracuse*, 183 N. Y. 395.) However, section 130 of the Decedent Estate Law provides unequivocally that the time limitation contained therein must be computed from the time of the decedent's death, and not from the time when the right to relief by action accrues. It thus fixes by its own terms the time from which the period of limitation must be computed. In that situation, a more liberal general limitation, such as that of section 11, may not be availed of, and that appears to be all that was decided in *Jones* v. *416 Pleasant Ave. Holding Corp.* (4 Misc 2d 479, mod. 276 App. Div. 842, affd. 304 N. Y. 893) cited by Judge DESMOND in the *Cimo* case.

Section 21 of the Civil Practice Act, when applied in an action for wrongfully causing death, does not purport to postpone the date from which the two-year limitation period is to be reckoned. The statute begins to run upon the decedent's death, and the action must be commenced within the period of limitation contained in section 130 of the Decedent Estate Law. The Legislature has provided, however, insofar as section 21 is applicable to this action, that the term of 18 months shall not be included in the computation of that limitation period.

The order, insofar as appealed from, should be affirmed, with $10 costs and disbursements.

WENZEL, BELDOCK, UGHETTA and KLEINFELD, JJ., concur.

Order, insofar as appealed from, affirmed, with $10 costs and disbursements.