■ GLORIA L. HUGHES, Respondent, v. HINSON'S GARAGE, INC., et al., Appellants.— Order affirmed, without costs of this appeal to any party. Memorandum: Plaintiff's husband died as a result of an accident which occurred in Pennsylvania on September 20, 1955. He was survived by plaintiff and by one son, both of whom were infants and residents of New York State at the time of the accident. This death action was commenced by plaintiff in an individual capacity on or about July 31, 1958. The defendants moved under rule 107 of the Rules of Civil Practice to dismiss the complaint for failure to commence the action within the time limited by law. The motion was denied at Special Term. The substantive aspects of the death action are governed by Pennsylvania law. The Pennsylvania statutes provide that the action may be maintained by the widow and that " the action shall be brought within one year after the death, and not thereafter ". (12 Purdon's Pa. Stats., §§ 1601–1603.) The right to sue is a matter of substantive law (*Wooden* v. *Western New York & Penna. R. R. Co.*, 126 N. Y. 10, 16; *Baldwin* v. *Powell*, 294 N. Y. 130, 132–133) while the limitation period is procedural only (*Rosenzweig* v. *Heller*, 302 Pa. 279; *Sharrow* v. *Inland Lines*, 214 N. Y. 101; *Panzironi* v. *Heath*, 197 Misc. 847). Under section 13 of the Civil Practice Act the time limited by the laws of this State apply in favor of plaintiff. As a resident of New York State, the plaintiff has the right to invoke the more favorable New York Statute of Limitations, rather than the Pennsylvania statute. We need not decide in this case which of the New York periods of limitation is applicable. (See Civ. Prac. Act, §§ 48, 49, 53; Decedent Estate Law, § 130.) Whichever New York statute is applicable, the action was commenced in time. The action was commenced more than two years,

but less than three years, after the occurrence of the accident and the plaintiff's husband's death. The Civil Practice Act sections which may possibly apply all provide periods of limitation of three years or more. Section 130 of the Decedent Estate Law prescribes a two-year period of limitation. It is doubtful whether section 130 of the Decedent Estate Law is applicable at all (cf. *Janes* v. *Sackman Bros. Co.*, 177 F. 2d 928; *Lipton* v. *Lockheed Aircraft Corp.*, 204 Misc. 693, affd. 283 App. Div. 769, affd. 307 N. Y. 775; see, generally, *Panzironi* v. *Heath, supra*; *Fierstein* v. *Piper Aircraft Corp.*, 79 F. Supp. 217). But even if section 130 of the Decedent Estate Law should be held to be applicable, the tolling provisions of section 60 of the Civil Practice Act would apply and would prevent the running of the Statute of Limitations during the plaintiff's infancy. (*Irons* v. *Michigan-Atlantic Corp.*, 279 App. Div. 32; *Phillips* v. *Apuzzo*, 241 App. Div. 762, affd. 266 N. Y. 579; *Neuman* v. *Feinsinger*, 4 Misc 2d 483; *McDonough* v. *Cestare*, 3 A D 2d 201; *Gibbons* v. *City of New York*, 295 N. Y. 982; *Ruddy* v. *Morse Dry Dock & Repair Co.*, 203 App. Div. 654; *Mehrer* v. *North Ninth Lbr. Co.*, 195 Misc. 566, affd. 275 App. Div. 1059, motion for leave to appeal denied 276 App. Div. 784.) It is natural and logical that the plaintiff should have the benefit of all the New York provisions on limitations, including that of tolling for infancy (Civ. Prac. Act, § 60; *Kerr* v. *St. Luke's Hosp.*, 176 Misc. 610, affd. 262 App. Div. 822, affd. 287 N. Y. 673). The case of *Mossip* v. *Clement & Co.* (256 App. Div. 469, affd. 283 N. Y. 554) is not determinative of this question since it held only that where a cause of action arose in New York State and had to be brought by an administrator, the fact that there were infant beneficiaries did not make section 60 applicable. All concur. (Appeal from an order of Oneida Special Term denying defendants' motion to dismiss plaintiff's complaint on the ground of the Statute of Limitations.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.